ANNIE MALONE, Administratrix, Respondent, v. HENRY B. HATHAWAY, Survivor, etc., Appellant.

A master is not responsible to an employee for the negligent act of a competent and proper foreman to whom there has been no delegation of power and control of the business or a branch thereof, but who is simply charged with special duties, performing them under the direction of the master, the latter retaining general control and supervision.

It is only where the master withdraws from the management of the business, intrusting it to a middleman or superior servant; or where, as in case of a corporation, the business is of such a nature that the general management and control thereof is necessarily committed to agents, that the master can be held liable to a subordinate for the negligent acts of one thus acting in his stead.

Defendant's firm was engaged in operating a brewery, the partners themselves personally superintending the business. They employed B., a competent and experienced carpenter to make examinations and repairs for the purpose of keeping the brewery in a safe condition. By the giving way of some joists or posts supporting a mash tub, which had become decayed, the tub fell, causing the death of plaintiff's intestate, a laborer in the employ of defendant's firm. New and proper supports had been put in about eleven months before the accident. The decay was not visible, and no evidence was given that defendant or his partner knew or ought to have known that the supports were defective. The court submitted the case to the jury upon the question as to whether there was negligence on the part of B. in omitting to examine and keep the building in repair, ruling, in substance, that if such negligence was found defendant was liable. *Held* (CHURCH, Ch. J., and RAPALLO, J., dissenting), error; that for such negligence defendant was not liable, in the absence of evidence of any neglect or omission of duty on the part of his firm.

*Laning* v. *N. Y. C. R. R. Co.* (49 N. Y., 521), and *Flike* v. *B. and A. R. R. Co.* (53 N. Y., 549) distinguished.

(Argued May 27, 1875; decided January 18, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of plaintiff entered upon a verdict.

This action was brought against defendant as surviving partner of the firm of Bevier & Co., for the alleged negligence of defendant's firm causing the death of Thomas Malone, plaintiff's intestate. Said firm were carrying on a brewery in the city of Rochester and Malone was employed therein as a laborer. The partners themselves personally superintended and managed the business. A Mr. Bagley, a competent and experienced carpenter, was employed by the firm to keep the building and fixtures in repair and in a good and safe condition; he was furnished with all necessary means and materials and spent all his time in and about the building. The supports to one of the mash tubs gave way; the tub fell upon Malone causing his death. About eleven months before the accident the supports to the tub had been repaired, new and proper posts and joists having been put in, and all of the supports were then sound. The evidence tended to show that the top of one of the posts and some of the joists had become decayed; the decay was not visible. The court charged, among other things, that the master might devolve the duty of providing a safe and secure building upon another competent person but he does so at the risk of that other person doing the duty, and is responsible for his neglect to perform it, and that the question in the case was: "Was Mr. Bagley, the man upon whom was devolved the business of repairing this building, guilty of a want of ordinary care and prudence in providing that the building should be kept ordinarily secure." To this portion of the charge defendant's counsel duly excepted. Further facts appear in the opinions.

*J. C. Cochrane* for the appellant. The judge erred in charging that defendant was responsible for the negligence of the carpenter. (*Hofnagle* v. *N. Y. C. and H. R. R. R. Co.,* 55 N. Y., 608; *Chapman* v. *Erie R. Co.,* id., 579.) Skill and diligence could only be required of defendant in regard to

Opinion of the Court, per ALLEN, J.

repairs and not in the construction of the building. (*De Graff* v. *N. Y. C. and H. R. R. R. Co.*, 3 N. Y. S. C., 255; *Unger* v. *Forty-second St. R. R. Co.*, 51 N. Y., 497.) The court erred in refusing to charge that defendant was not liable for negligence of its agents of which it had no notice. (*Warner* v. *Erie R. Co.*, 39 N. Y., 468; *Wright* v. *N. Y. C. R. R. Co.*, 25 id., 562; *Laning* v. *N. Y. C. R. R. Co.*, 49 id., 521; *Wilson* v. *Merry*, L. R., 1 Scotch App., 326, cited 39 N. Y., 326; *Gallagher* v. *Pifer*, 16 C. B. [N. S.], 669; *Frazier* v. *Penn. R. R. Co.*, 38 Penn., 104; *Monan* v. *N. Y. C. and H. R. R. R. Co.*, 3 S. C. R., 770.)

*James B. Perkins* for the respondent. The motion for a nonsuit was properly denied. (*Marshall* v. *Stewart*, 33 E. L. and Eq., 1; *Ryan* v. *Fowler*, 24 N. Y., 410, 413; *Warner* v. *Erie R. Co.*, 39 id., 468, 475; *Laning* v. *N. Y. C. R. R. Co.*, 49 id., 521; *Plank* v. *N. Y. C. and H. R. R. R. Co.*, 1 N. Y. S. C., 319, 323; *Flike* v. *B. and A. R. R. Co.*, 53 N. Y., 549; *Combs* v. *N. R. C. Co.*, 102 Mass., 572, 599.) Defendant was liable although he had employed skillful agents. (*Ryan* v. *Fowler*, 24 N. Y., 410; *Hefferman* v. *Benkard*, 1 Robt., 432; *Seabrook* v. *Hecker*, 2 id., 291.) The fact that Malone was a co-employe does not relieve defendant from liability. (*Connolly* v. *Poillon*, 41 Barb., 366; 41 N. Y., 619; *Ryan* v. *Fowler*, 24 id., 413; *Laning* v. *N. Y. C. R. R. Co.*, 49 id., 521.)

ALLEN, J. The recovery was had in this action solely by reason of the negligence of a co-employe of the plaintiff's intestate. The issue, under the instructions to the jury, was narrowed down to the question, "whether there was negligence on the part of Bagley; an omission of that ordinary and reasonable degree of care and prudence which a man of ordinary and reasonable care and prudence will exercise in the conduct of his own affairs."

The jury were told that if there was no such negligence, the defendants were entitled to a verdict. The alleged neg-

ligence, which was thus made the sole subject of inquiry, was the omission to examine and securely to repair the supports of the mash tub which had been repaired, and in fact replaced, but eleven months before its fall, resulting in the death of the intestate. At that time it was, as was assumed on the trial without objection on the part of the plaintiff, or a request to submit any question of fact in respect thereto to the jury, well and properly constructed, and securely placed, and the beams and posts upon which it rested sound and in good condition. No personal neglect or want of care was charged upon the defendants either in examining into the condition of the supports, or in repairing them, nor was it claimed that they knew, or ought to have known, that repairs were necessary to the proper support of the burden resting upon them, or the safety of those employed in the building. Neither were the defendants charged with any omission of duty or want of proper care in the selection of competent servants and agents to make proper and needful repairs in every part of the building, and the fixtures, or furnishing proper and suitable materials for that purpose. We concur in the opinion of Judge SMITH, in the Supreme Court, that the cause was submitted to the jury upon an erroneous issue. The rule is well settled, and is salutary as tending to induce proper care on the part of servants and employes, and as limiting the liability of masters for injuries to their servants to their own personal acts or omissions of duty, that a master is not liable to his servants for the negligence or want of care of fellow-servants who have not been negligently appointed or retained in service. (*Wright* v. *N. Y. C. R. R. Co.*, 25 N. Y., 562; *Priestly* v. *Fowler*, 3 M. & W., 1; *Hoffnagle* v. *N. Y. Cen. and Hud. R. R. R. Co.*, 55 N. Y., 608.) For one's own negligence there is no difference between liability to a stranger, or to a servant. It makes no difference in the application of the rule exempting the master from liability for injuries to his servants for the acts of coservants, that the one receiving the injury is inferior in grade, and subject to the orders of the one by whose negligence the injury is caused, if both are engaged in the same

general business, accomplishing one and the same general purpose. ( *Warner* v. *Erie R. Co.*, 39 N. Y., 468 ; *Feltham* v. *England*, L. R., 2 Q. B., 33.)

It is not of any consequence that the negligent servant by whose want of care or skill harm comes to another servant in the same general employ, is charged with some special authority or duty, and that the two, the injured and the one causing the injury, are not equal in station and authority. The fact that the careless and negligent servant is placed in superintendence or authority over the others does not constitute an exception to the general rule. ( *Wilson* v. *Merry*, L. R., 1 Scotch and Div. App., 326.)

An exception has been engrafted upon the rule, and in the application of that exception the learned judge at the trial fell into the error suggested. When the servant by whose acts of negligence or want of skill other servants of the common employer have received injury is the " *alter ego* " of the master, to whom the employer has left every thing, then the middleman's negligence is the negligence of the employer for which the latter is liable. The servant in such case represents the master, and is charged with the master's duty. (59 N. Y., 517; *Murphy* v. *Smith*, 19 C. B. [N. S.], 361.) When the middleman or superior servant employs and discharges the subalterns, and the principal withdraws from the management of the business, or the business is of such a nature that it is necessarily committed to agents as in the case of corporations, the principal is liable for the neglects and omissions of duty of the one charged with the selection of other servants in employing and selecting such servants and in the general conduct of the business committed to his care. This is the extent and effect of the decision in *Laning* v. *N. Y. C. R. R. Co.* (49 N. Y., 521), which I think has been greatly misapprehended. It was not intended in that case to disturb the general rule of law, limiting the liability of masters to their servants for injuries received while in their service, or to enunciate any new proposition. A proposition there very much pressed upon the court was,

that a corporation has discharged its whole duty to its servants of a lower rank, when it has employed skillful and competent general agents and superintendents; and that the negligence of such agents or superintendents is not the negligence of the corporation, nor is it liable therefor. Much of the opinion is given to a consideration of that proposition, and general remarks made in refutation of it have been applied to other circumstances and erroneous deductions made. The defendant was held liable under the circumstances of that case for the negligent and improper retention by Colby, of an incompetent and drunken laborer, through whose incompetency and bad habits the plaintiff received the injury complained of, for the reason that Colby was regarded as representing the defendant corporation and performing its duty in the employment of laborers and servants, and notice to Colby of the incompetency and unfitness of Westman was regarded as notice to the defendant. The result necessarily followed the conclusion of the court, that he was the general agent and representative of the defendant, and not a mere fellow-servant with the others charged with some special duty. His omission in such case was the omission of the principal, and his failure to furnish suitable and competent laborers, and proper materials and implements for the work was attributable to the corporation of which he was the general agent in that department. Such an agency must not be confounded with the position of a mere foreman, one charged with special duties, but performing them under general or special instructions from the principal who retains and has the general supervision of the business and to whom, and whose immediate direction, all are subject. *Flike* v. *Boston and Albany R. R. Co.* (53 N. Y., 549), was decided upon the same general principle, that the "head conductor" whose duty it was to make up the morning trains and employ and station the brakemen, was *pro hac vice* the general agent and representative of the corporation for whose acts and neglects the latter was responsible, and that his neglect to furnish brakemen, sufficient in number and capacity for the service, was

the neglect of the defendant to perform a duty which the law cast upon it. The dissents in that case, as well as that in *Laning's Case*, were not to the principle, but to the application of it to the facts and circumstances of those cases, and the position of the employes for whose faults the employer was charged. Those cases are not subject to criticism. The law was well adjudged as all the members of the court agreed; the only dissent in opinion was as to the relation and position occupied by the servants whose acts were under discussion. Bagley's situation was that of foreman merely, having no general charge, except such as is common to those acting in that capacity. The defendants were present and had the general charge of and responsibility for the different branches of the business carried on by them. If it was claimed that Bagley's position and responsibilities were different from that named as foreman, and that the defendants had transferred the charge and direction of any branch of the business and of their duties upon him, it would have been a proper question for the jury if, indeed, there was any evidence to warrant the claim.

In *Wilson* v. *Merry* (*supra*), the injury was caused by the negligence of the general manager of the works of the defendants at the coal pit, and the defendants having selected proper and competent persons to superintend and direct the work, and furnished them with adequate materials and resources, were not liable to the co-employes of the general manager or foreman, for injuries received through his carelessness or want of skill. The unskillful and improper erection of a scaffold by the foreman or manager, as a means for the prosecution of the work of those employed, destroyed the ventilation of the mine which was sufficient before, and caused an explosion of fire-damp, resulting in the death of the plaintiff's son. The same principle is illustrated and applied in *Feltham* v. *England* (L. R., 2 Q. B., 33); *Murphy* v. *Smith* (19 C. B. [N. S.], 361); *Gallagher* v. *Piper* (16 id., 669, 692); *Warner* v. *Erie R. Co.* (39 N. Y., 468). Corporations necessarily acting by and through agents, those having the super-

intendence of various departments with delegated authority to employ and discharge laborers and employes, provide materials and machinery for the service of the corporation, and generally direct and control under general powers and instructions from the directors, may well be regarded as the representative of the corporation charged with the performance of its duty, exercising the discretion ordinarily exercised by principals, and within the limits of the delegated authority the acting principal. These acts are in such case the acts of the corporation for which, and for whose neglect, the corporation within adjudged cases must respond, as well to the other servants of the company as to strangers. They are treated as the general agents of the corporation in the several departments committed to their care. (*Wright* v. *N. Y. C. R. R. Co., supra ; Frazier* v. *Penn. R. Co.,* 38 Penn. St. R., 104; *Laning* v. *N. Y. C. R. R. Co.* and *Flike* v. *B. and A. R. R. Co., supra ; Coombs* v. *New Bedford Cordage Co.,* 102 Mass., 572; *Ford* v. *Fitchburg R. Co.,* 110 id., 240.) A person thus placed by a corporation, in such a position of trust and authority, may be fairly considered as its representative *pro hac vice.* But when the principal is an individual acting *sui juris,* and there is no evidence of a surrender of power and control to any subordinate, and is present himself superintending the establishment in person, no such presumption arises, or responsibility attaches in respect of the acts of a competent and proper foreman, selected by and in the employment of the principal.

There was no warrant for holding, as matter of law, the defendants in this case liable to the plaintiff's intestate for the neglect and want of care of Bagley, the foreman of the carpenters employed in the brewery.

The judgment must be reversed, and a new trial granted.

Church, Ch. J. (dissenting). The material question involved in this action as to liability of the principal for injuries arising from the negligence of employes, has been frequently before the court, and in respect to which, as will be seen by reference to the cases, there is some difference

of opinion among members of the court. The principle upon which the verdict in this case was obtained has been, in my opinion, adjudicated in several cases in this court. The duty of maintaining the building in a secure and safe condition, at all times, for workmen employed in the building, was a duty devolving upon the principal. He was bound to exercise proper care to prevent the accident which occurred, and when he delegated that duty to Bagley, the latter represented the principal, and the principal is responsible for his acts and omissions in respect to such duty. Although disclaimed by my brethren, I cannot but think that the reversal of the judgment will be deemed at variance with the rule heretofore adopted by this court in *Laning* v. *N. Y. C. R. R. Co.* (49 N. Y., 521), and *Flike* v. *B. and A. R. R. Co.* (53 id., 549, and 59 id., 517).

All concur with ALLEN, J.; except CHURCH, Ch. J., and RAPALLO, J., dissenting.

Judgment reversed.