DAVID P. BARRINGER, PLAINTIFF, *v.* THE PRESIDENT, MANAGERS AND COMPANY OF THE DELAWARE AND HUDSON CANAL COMPANY, DEFENDANT.

*When a foreman does not represent a company, so as to render it liable to a fellow-servant for the foreman's negligence.*

The plaintiff, an employe of the defendant, was injured while riding on a hand-car, owing to its defective condition. One Brown, as "section boss," had charge of about five miles of track, and was foreman of the men employed to keep it in repair, hiring and working with them. He was responsible for tools and machinery, and if any were wanted, or out of repair, he applied or reported to the trackmaster, who furnished the necessary machinery, and directed as to the repairs. If machinery was defective, Brown was ordered to have it repaired. The trackmaster employed the foremen of the sections, and they were subject to him. Brown knew of the defect in the hand-car, but had not notified the trackmaster thereof.

*Held,* that Brown did not represent the company so as to render it liable for his negligence, resulting in an injury to a fellow-servant.

MOTION for a new trial on exceptions ordered to be heard, in the first instance, at the General Term, after a verdict in favor of the plaintiff, and an appeal from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried, after a verdict in favor of the plaintiff.

The action was brought to recover damages for injury sustained by the plaintiff, an employe of the defendant, in being thrown from a hand-car on which he was riding, owing to the defective condition of the crank thereof.

It appeared that Don Brown, under whose direction the plaintiff worked, was a "section boss" on the defendant's road. He had charge of about five miles of track, and was foreman of the men employed to keep such track in repair, working with them. He had charge of and was responsible for the tools and machinery used. He hired his men, or some of them. If he required machinery or tools, he applied to the track-master therefor. If machinery gave out, or was defective, he was ordered to take it to the shop and have it repaired.

Over him, and in a superior position, was the track-master, who superintended the track, who employed the foremen of the sec-

tion and other proper men, and furnished the tools and machinery necessary. To such track-master or his assistant all reports were made. If repairs were necessary, or tools needed, notice was to be given by the section foreman to the track-master, who supplied the tools or directed as to the repairs. The foreman was subject to the track-master and bound by his orders. Brown was a competent man for his position, but he had given no notice to the track-master of the defect in his car.

*S. W. Russel*, for the plaintiff. The section boss, in regard to the care and repair of this section of defendant's road, and the tools and machinery used for that purpose, is to be considered as occupying the place of the corporation, so that notice to him under the rule must be regarded as notice to the corporation. (*Warner* v. *Erie R. R. Co.*, 39 N. Y., 475; *Laning* v. *N. Y. C. R. R. Co.*, 49 id., 521; *Flike* v. *Boston and Albany R. R. Co.*, 53 id., 553; *Chapman* v. *Erie R. R. Co.*, 55 id., 579; *Corcoran* v. *Holbrook*, 59 id., 517; *Brady* v. *The N. Y. C. R. R. Co.*, 62 id., 99; *Malone* v. *Hathway*, 64 id., 9; *Louisville and Nashville R. R. Co.* v. *Bowler*, noted in 11 Alb. Law Jour., No. 8, issued Feb. 20, 1875.)

*Henry Smith*, for the defendant. Plaintiff cannot recover for an injury arising from the negligence of Brown, the "section boss," in failing to notify defendant of the defective hand-car. They were co-employes, engaged in a common employment, and injury arising from the negligence of competent fellow-servants was one of the dangers incident to the employment. (*Hard* v. *Vt. and Canada R. R.*, 32 Vt., 473; approved in *Warner* v. *Erie R. R. Co.*, 39 N. Y., 468; *Searle* v. *Lindsay*, 11 C. B. [N. S.], 428; *Sherman* v. *R. and S. R. R.*, 17 N. Y., 153; *Coons* v. *S. and U. R. R.*, 5 id., 492; *Hoffnagle* v. *N. Y. C. R. R.*, 55 id., 608; *Rose* v. *B. and A. R. R.*, 58 id., 217; *Wright* v. *N. Y. C. R. R.*, 25 id., 562; *Malone* v. *Hathaway*, 64 id., 5; *Albro* v. *Agawam Canal Co.*, 6 Cush., 75; *Wonder* v. *Balt. and Ohio R. R.*, 32 Md., 411; *Columbus and I. C. R. R.*, 31 Ind., 174; *Lovegrove* v *Piper*, 16 C. B. [N. S.], 668; *Lehigh Valley Coal Co.* v. *Jones*, 6 Reporter, 125; *McAndrews* v. *Burns*, 5 id., 120.) The mere

fact that Brown employed the men on his section does not make him the representative of the company. (*Lawlor* v. *Androscoggin R. R.*, 62 Maine, 463; *Hamilton* v. *Iron Mt. Co.*, 4 Mo. App. R., 564; *Lehigh Valley Co.* v. *Jones*, 86 Penn. St., 432; *Wilson* v. *Merry*, L. R., Scotch & Div. App., 326; *Feltham* v. *England*, L. R. [2 Q. B.], 32.)

BOARDMAN, J. :

There is no controversy between the parties touching the principles of law applicable to this case. The defendant was bound to furnish its workmen with good and suitable tools and machinery. If such tools or machinery become defective and dangerous, to the knowledge of the defendant, it becomes responsible for all injuries caused thereby to its employes using the same, if such employes are guilty of no negligence contributing to such injury. The injury of an employe by the negligence of a fellow-servant cannot be charged to the defendant, provided there has been no neglect on its part in the selection or retention of such fellow-servant. When, however, the servant, through whose negligence the injury is done, is the superior servant, having the entire control of the business, and is the representative of the company in the work to be done, his knowledge is the knowledge, and his negligence is the negligence of the company. These principles are well established, and to this extent counsel do not differ.

The position of Don Brown, the section " boss," is claimed, by the plaintiff, to be that of a superior servant, representing and standing in the place of the company. Brown knew of the defect, and his knowledge should be attributed to the defendant. Such was the rule laid down by the learned judge in his charge to the jury. He said : " Don Brown stood, as between plaintiff and defendant, in place of defendant, and represented it."

The defendant claims Don Brown did not represent or stand in the place of defendant, but was a co-servant with the plaintiff, engaged in the same service, co-operating in the same business.

Brown, as a section " boss," had charge of about five miles of track, and was foreman of the men employed to keep such track in repair, working with them. He had charge of and was responsible for the tools and machinery used. He hired his men, or

some of them. If he required machinery or tools, he applied to the track-master therefor. If machinery gave out, or was defect-ive, he was ordered to take it to the shop and have it repaired.

Over him, and in a superior position, was the track-master, who superintended the track, who employed the foremen of the sec-tion and other proper men, and furnished the tools and machinery necessary. To such track-master or his assistant all reports were made. If repairs were necessary, or tools needed, notice was to be given by the section foreman to the track-master, who supplied the tools or directed as to the repairs. The foreman was subject to the track-master and bound by his orders. Brown was a com-petent man for his position, but he had given no notice to the track-master of the defect in his car.

Under such a state of facts, we think that the learned judge erred in holding that Brown represented the defendant and stood in its place. Brown was an employe just as plaintiff was. They were in the same circle of employment; they worked together for a common purpose. Each knew his relations to the other when the employment began, and each took the risks attending the same. The negligence of either was one of those risks. That Brown was foreman, and directed the action or hired the others, does not change the rule. Perhaps the track-master did represent the defendant. We are not called upon to decide that. Possibly no one below the superintendent stood in the place of the defendant in respect to the matter in dispute. It is enough that two officers of a superior grade stood between Brown and the defendant, either of whom presumptively could have hired or discharged Brown at will. So Brown's position was that of an employe, and not a representative of the company.

Such is the reasoning upon the facts. The authorities aid us somewhat by way of analogy. In *Malone* v. *Hathaway* (64 N. Y., 5), Bagley, the carpenter, had entire charge of repairs in the brewery, was employed solely for that purpose, was supplied with all necessary materials, and spent his whole time in the building and about that business; it was held that he was an employe, and that his master was not responsible for his neglect to make repairs whereby another was injured. *Searle* v. *Lindsay* (11 C. B. [N. S.], 429) resembles this case closely. Plaintiff was third engineer on a

steamer. While turning a winch, the handle came off for want of a nut or pin to secure it, and the plaintiff was injured. He was working there by order of the chief engineer of the vessel. The chief engineer and plaintiff were held to be fellow-servants, and the master not responsible.

Without further reference to authorities, we conclude the verdict should be set aside and a new trial granted, costs to abide the event.

BOCKES, J., concurred; LEARNED, P. J., taking no part.

New trial granted, verdict set aside, costs to abide event.