BRIDGET JONES, ADMINISTRATRIX, RESPONDENT, v. THE NEW YORK CENTRAL & HUDSON RIVER RAILROAD COMPANY, APPELLANT.

*Master—duty of, as to furnishing his servants with safe machinery.*

A master is not absolutely bound to furnish his servant with safe machinery, nor does he guarantee that the machinery furnished is perfect. He is only required to use due care and diligence in the selection and use thereof. The degree of care required of him is to be measured by the circumstances of each case, and depends upon the kinds of machinery used, the risks incident to its use, and the hazards of the business in which it is used.

APPEAL from an order denying a motion for a new trial, made

upon the minutes of the justice before whom the action was tried, after a verdict rendered in favor of the plaintiff.

The action was brought to recover damages for the alleged negligent killing of the plaintiff's intestate by the defendant.

*Samuel Hand*, for the appellant.

*Amasa J. Parker*, for the respondent.

FOLLETT, J. :

The plaintiff's husband was employed by the defendant as a brakeman on a freight train. While in this service he was killed. No person saw the accident causing his death.

The complaint alleges that the defendant negligently and carelessly furnished and used a freight car with a defective and unsafe round or step in a ladder on the side of the car.

The theory of the plaintiff is, that the decedent, while passing up or down the side of this freight car, fell by reason of a defective or unsafe round, or step, and was killed. The court charged the jury : " Defendant was bound . . . . . to furnish proper and safe machinery and implements, facilities, and materials for the use of its servants." Again, it was said : " It was bound to furnish to its servants cars which were in a safe condition to be used by the servants. If the steps or ladders upon the freight cars . . . were unsafe, and in their proper use by the deceased one of the steps or rounds or rods of the ladder gave way, and by the giving way of such rod or step the deceased fell from the train and was killed, the defendant is liable, unless his own negligence contributed to the result."

Again, it was charged : " It was bound to see that the cars of others, which they transported, and upon which they placed their own servants to handle them, were in a safe and proper condition to be used by the servants ; not only the cars, but the machinery should be safe, in order to prevent accidents to their employes."

At the close of the charge the defendant excepted to this proposition, and the court again said : " I charge, as matter of law, it was the absolute duty of the defendant to have those cars in safe con-

dition; whether the inspectors did their duty or not is a question for the jury." To this, the defendant excepted.

The master is not absolutely bound to furnish his servants with safe machinery. Such a rule would make the master an insurer, and liable for injuries though he exercised the greatest diligence and prudence in the construction or purchase, and in the care and reparation of the machinery. The master does not guarantee that the machinery furnished is perfect. The law only requires him to use due care and diligence in the selection and use of the machinery. The amount of care required is measured by the circumstances of each case, depending upon the kinds of machinery used, the risks incident to its use, and the hazard of the business in which used.

To hold the master liable for defects not ascertainable by known tests, and by the exercise of due care, would render him liable for every accident occurring, without the fault of the servant, by the breaking of machinery. In the present case, thirty of the thirty-eight cars in the train were from other roads. The defendant did not select them, or the materials from which they were made. All it was called upon to do, and all it could do, was through diligent and skillful servants to exercise proper care to prevent the use of unsafe machinery by its employees.

" If injury arises from defect or insufficiency in the machinery or implements furnished to the servant by the master, knowledge of the defect or insufficiency must be brought home to the master, or proof given that he was ignorant of the same, through his own negligence and want of proper care. In other words, it must be shown that he either knew, or ought to have known, the defects which caused the injury." (*Wright* v. *New York Central R. R. Co.*, 25 N. Y., 566; *Warner* v. *Erie Railway Co.*, 39 Id., 468; *Faulkner* v. *Erie R. R. Co.*, 49 Barb., 324; *Malone* v. *Hathaway*, 64 N. Y., 5; *De Graff* v. *New York Central & Hudson River R. R. Co.*, 76 Id., 125; *Gibson* v. *Pacific R. R. Co.*, 46 Mo., 163; Wharton's Law of Negligence, §§ 211, 212, 232.)

The order denying a new trial is reversed, the verdict set aside, and a new trial ordered; costs to abide the event.

LEARNED, P. J., and BOCKES, J., concurred.

Order reversed, new trial granted, costs to abide event.