By the Court.—Van Vorst, J.
The plaintiff, while in the defendant’s employment, assisting in loading cargo upon their vessel the Catalonia, and while in the hold of the vessel, was injured by the fall of some boards, which were being lowered by servants of the defendant down the hatchway, by means of a derrick rigged with ropes and chains, furnished by the defendant. Some of the boards, colliding with the combing of the hatchway, slipped from the fastenings while being lowered, and struck and injured the plaintiff, who was, at the time, under the hatchway.
The jury before whom the trial was had, rendered a. verdict for the plaintiff, and from the judgment entered upon the verdict, this appeal is brought by the defendant, which also appeals from the order made at the close of the trial, denying the defendant’s motion for a new trial.
At the close of the plaintiff’s case, the defendant’s counsel moved the court to dismiss the plaintiff’s complaint, upon the grounds, in substance, that the plaintiff’s injury “was the fault of his fellow servants,” and that there was no proof of “ any absence of the proper appliances for the work” in which the defendant’s servants were, at the time, engaged. The motion was renewed, at the close of the case, and was denied.
The disposition of these questions must determine whether the judgment from which this appeal is taken can stand. And first, with regard to the apparatus. The learned judge, in denying the defendant’s motion, properly said, “that it is the duty of the master to supply the servants appliances for the performance of the master’s work which should be adequate for the immedi *436 ate occasion in question, and that, in the performance of that duty, he is' bound to exercise reasonable care.” In regard to the apparatus necessary to be used in the work upon which the defendant’s servants were engaged upon the “immediate occasion in question,” whether there should have been used “a chain nippers ” in slinging and lowering the boards, or a “ chain with a hook,” the defendant had, beforehand, supplied both.
Both were at hand, ready for use. Wright, a witness for the plaintiff, testified as follows : “ Mr. Graham was on the dock acting as foreman in regard to taking the boards in ; he was at the ship’s rail; he fold me to hurry up and let the boards come in as quick as possible. I said to him that I wanted, when we were slinging a draft of boards, to put the chain nippers on, and he would not allow me ; he told me to put the hook around. The chain nippers was the proper thing to be used for boards ; there was a chain nippers on the dock at the Ume.n So that whether a chain nippers having a ring at the end, or a chain with a hook, was the proper apparatus for the work in question, there was no omission on the defendant’s part, for both were supplied, and either could have been then used.
The other question remains to be considered : was the plaintiff’s injury occasioned by the negligence of his “fellow-servants ?” If it was, he could nob recover, and the defendant’s motion to dismiss the complaint should have been granted. On the occasion in question, the chain with the hook, and not the nippers, was used by Wright. He is not absolutely certain that the fall of the boards proceeded simply from the use of a chain with a hook instead of a ring. Wright himself testified: “I placed the hook around the chain ; that is not the way it is generally done ; it is not hooked in one of the slings ; when used, that hook is placed around the chain and pushed up towards the load. When I placed this around the draft of boards, I did not push it up tight to the hoards; I went away from it as soon as it went ahead, and looked out for *437 myself. Graham did not say to leave it loose ; he said it would do, go ahead; when he said that, I did not make any attempt to push the hook over towards the -boards.”
We need go no further in search for a cause of the slipping of the boards from the sling, as it struck the combing of the hatchway.
The action of Wright in omitting all effort to push the hook down to the boards, sufficiently accounts for the injury to the plaintiff. For the negligence of Wright in the management of the chain and hook, the defendant is not liable to the plaintiff. Wright was a fellow workman with plaintiff, engaged in the same service.
But Graham,- as well as Wright, was a fellow-servant with the plaintiff. Although called a foreman, he was one of a separate gang of men distinctly engaged in the work in question. He was directing, it is true' but he was acting under a general foreman. Graham had nothing to do with supplying the apparatus or machinery for the work in question. The discharge and loading of the vessel were under the general direction of one Craven, the head stevedore, and foreman of the defendant. He had been in the defendant’s service for thirty years and upwards. It was his duty to give directions with respect to the apparatus and machinery to be used in loading the vessel. In this instance, he gave directions for the rigging of the derricks, to haul the boards taken on the vessel, and through the hatch. He, and not Graham, one of the gang of workmen in question, represented the defendant distinctly in the work in which these men were engaged.
The plaintiff had been employed by Craven, and was one of this separate gang in and about this hatch. There were other gangs in other parts of the vessel.
All the needed appliances having been furnished by the defendant, through an appropriate head, it is difficult to see how they could be made liable for any mistake or error made by any workman in selecting one out of two or more slings, to be used in a service in which all were engaged, and in the use of which one of them should *438 be injured. The rule is that a master is not responsible to an employee for the negligence of a competent foreman, to whom there has been no delegation of power and control of the business, or a branch thereof, but who is simply charged with special duties (Malone v. Hathaway, 64 N. Y. 5).
With respect to corporations, which must necessarily act through agents and representatives, the rule is subject to modifications. But in all cases, it makes no difference, in the application of the rule exempting the master from liability for injuries to his servants, through the acts of co-servants, that the one receiving the injury is inferior in grade, and is subject to the orders of the one by whose negligence the injury is caused, if both are engaged in the same general business, accomplishing one and the same general purpose (Feltman v. England, L. R. 2 Q. B. 33 ; Lovegrove v. The London, Brighton & S. C. Ry. Co., 16 C. B. [N. S.] 669).
In the case before us, Graham, although called a foreman of one of several gangs, was in fact a fellow-servant of the plaintiff, under the direction of the chief stevedore Craven, and there was nothing to show that he was not a fit person for the place (Hart v. Floating Dry Dock, 48 Super. Ct. 460 ; Slater v. Jewett, 85 N. Y. 61; Barringer v. Del. & Hudson Co., 19 Hun, 216 ; Crispin v. Babbitt, 81 N. Y. 516).
An examination of the entire evidence leads us to the conclusion that the defendant’s motion to dismiss the complaint should have been granted.
The judgment appealed from is reversed, and a new trial is ordered, with costs to the appellant to abide the event.
Sedgwick, Ch. J., and Freedman, J., concurred.