Follett, J.(dissenting).
Appeal from a judgment of the county court entered on a verdict for $450 damages, and from an order denying a motion for a new trial, made on the minutes.
April 25, 1884, a shingling scaffold on which plaintiff and one, Eisner, were at work gave way and the plaintiff fell to the ground and was injured. This action was brought to recover the damages caused by the injury.
At this time, defendant, a builder was engaged in constructing houses, and employed at least four persons, Knobel, his foreman, John A. Isley, his son, Fred Eisner and this plaintiff.
During the forenoon of the day of the accident defendant • directed Knobel and defendant’s son to build this shingling scaffold. Knobel was an experienced carpenter, and defendant’s foreman. Defendant’s son was but sixteen years old, and without experience in such matters. The scaffold *598 was built aoout teii o’clock in the foremoon, after which defendant’s son shingled from it for about half an hour. The scaffold was not again used until four o’clock of the same day, when the plaintiff went upon it to complete the shingling, by defendant’s direction, when it fell.
The plaintiff testifies that defendant’s son alone built the scaffold. Knobel and the son testify that they together built it. Whether it was built by both, or by the boy alone, was a question of fact. The fact that the scaffold fell within six hours after it was built, it having been previously used for half an hour, and while being used in the ordinary way for the purpose for which designed, is some evidence of defective construction.
This fact, and a description of the mode in which the scaffold was built, was before the jury, and they must have found that it was negligently constructed. Whether this finding is against the evidence, cannot be determined from the appeal book because it is impossible to tell how the scaffold was constructed. The witnesses testified from drawings of the building and scaffold, and in describing, they are reported as testifying, it was nailed “here,” it rested “here,” a piece of scantling on “this, illustrating,” ‘ ‘indicating, ” etc. While this was unintelligible to an appellate court, which cannot, from such a record, form acorrect idea of the objects described, or of their relations to other objects, if Knobel entrusted the construction of this scaffold to the inexperienced boy of sixteen, the jury was justified in finding him negligent, and on the other hand, if he and the boy united in building the scaffold, a finding that Knobel negligently constructed it is sustained by the evidence. The important question is whether the defendant is liable for the negligence of Knobel.
It is settled in this state that it is the master’s duty to exercise due care, to furnish safe appliances and structures for the use of his servants; and it is also settled in this state that when the master delegates the power to the servant, no matter how low in rank, to furnish or provide appliances or structures, as a co-servant, higher, or lower, in rank, is without contributory negligence, injured while using such appliances or structures, the master is liable for the injury. Mann v. D. and H. C. Co., 91 N. Y., 495, 500; Fuller v. Jewett, 80 N. Y., 46.
A master who exercises due care in the selection of his servants, is not liable for the negligent injury of one servant by another, unless the negligent servant was authorized to perform, and was performing master’s duties. Malone v. Hathaway, 64 N. Y., 5; Crispin v. Babbitt, 81 id., 516; Kelley v. Norcross, 121 Mass., 508; Colton v. Richards, 23, *599 123, id., 484; Feltham v. England, L. R, 2 Q. B., 33; N. Y. L. E. and W. R. R. Co. v. Bell, 8 East. Rep., 124; Wood’s Master and Servant (2d ed.), 447, 448, 449; Smith’s Master and Servant, 257. The authority of Malone v. Hathaway (supra), has never been questioned in this state, nor has it been distinguished or explained.. The case at bar seems to have been determined at the trial upon the authority of Green v. Banta (16 J. & S., 156; aff’d 97 N. Y., 627), whichis not well reported as will be seen by an examination of the record in the court of appeals. In that case, the foreman who directed that the scaffold should be built, stood by and superintended its construction, was authorized to and did employ the workmen, and had control of the construction of the building. The master did not see the scaffold before the accident. Appeal Book, pages 20 and 57. In Green v. Banto (supra), there was a complete delegation of authority upon the negligent servant to perform the master’s dúties; while in the case at bar there-was no delegation of the master’s duties upon Knobel, who was not authorized to control the work, or any particular branch of it, or the defendant’s workmen; but, on the contrary, the defendant was in personal control of the work, personally directed Knobel (an experienced carpenter), to build this scaffold, and personally directed the plaintiff to shingle from this scaffold. There is no case decided by the court of appeals which authorizes the holding, under such a state of facts, that the defendant is liable for the negligent act of Knobel. There are cases which, upon a cursory examination, may seem to hold a contrary doctrine, but they are cases against corporations, who must perform master’s duties by servants, and in which cases it appears, though not expressly stated, that the servants were performing master’s duties.
This case was not tried úpon the theory that the defendant was negligent in the selection of his servants or materials, that he negligently performed any act, or that, he performed or omitted to perform any act or duty.
The judgment should be reversed, and a new trial granted, with' costs to abide the event.