[No. 4620.]

MARY COLLIER, Administratrix of the Estate of PATRICK COLLIER, Deceased, v. S. STEINHART and W. M. STEWART.

Damages for Injury Sustained by an Employee.— In an action against the owners of a mine, to recover damages for an injury sustained by an employee, if the complaint avers that the injury was caused by the negligence and want of skill of the engineer, and that the superintendent had full power to control the working of the mine, and employed and discharged all the workmen, at his discretion, it must also allege that the defendants were negligent in employing the superintendent, or it does not state a cause of action.

Appeal from the District Court, Eleventh Judicial District, County of Amador.

The complaint alleged that the defendants owned and worked the "North Amador Mine," at Sutter Creek, by and through their superintendent and agent, Clenden, who had full power and authority from the defendants to superintend,

direct, manage and control the working and operating of the mine, and to employ any and all servants and laborers in and about the working and operating of the mine, and to discharge them at discretion; and that all the laborers at the mine were employed by the defendants through the superintendent, and that Westlake was the engineer who operated the engine and hoisting tackle used at the mine to hoist the water from the shaft, and that Westlake was incompetent and negligent, and destitute of ordinary skill in the business, and the defendants and Clenden knew that to be the case before the injury complained of. That, on the 18th day of March, 1873, Patrick Collier, an employee, was working in the bottom of the shaft, when, owing to the negligence and want of skill of Westlake, a tub of water fell down the shaft, and Collier was killed. There was no averment that the defendants were negligent in employing Clenden. The plaintiff sued as the administratrix of his estate. The court sustained a demurrer to the complaint because it did not state facts sufficient to constitute a cause of action. The plaintiff declined to amend, and judgment was rendered for the defendants. The plaintiff appealed.

*Armstrong & Hinkson,* for the Appellant.

*Farley & Porter,* for the Respondent.

By the COURT:

The demurrer to the complaint was properly sustained. Plaintiff, the appellant, relies on section 1970 of the Civil Code, which provides: " An employer is not bound to indemnify his employee for losses suffered by the latter in consequence of the ordinary risks of the business in which he is employed, nor in consequence of the negligence of another person employed by the same employer, in the same general business, unless he has neglected to use ordinary care in the selection of the culpable employee."

The complaint alleges that the defendants had no immediate connection with the employment of Westlake, the engineer, or of any other of the laborers, servants or em-

ployees, but that Clenden, the superintendent, "had full power and authority to superintend, direct, manage and control the working and operating of said mines, and to employ any and all servants and laborers in and about the working and operating thereof, and to discharge them or any of them *at discretion,* in the name of, for, and on behalf of the defendants." This averment is not qualified by the subsequennt allegation that all servants and laborers "were under the immediate control and direction of defendants *through their said agent.*"

The complaint counts on the negligence and want of skill of Westlake, the engineer, and that "defendants did not use ordinary skill in selecting said Westlake." But as we have seen, Westlake was employed by and was under the direction of Clenden, the superintendent, and there is no averment that the defendants were negligent in selecting and employing Clenden.

Judgment affirmed.