[No. 4924.]

## ALEXANDER McLEAN v. THE BLUE POINT GRAVEL MINING COMPANY.

Liability of Employer to Employee.—An employer is not bound to indemnify an employee for damages he sustains in consequence of the negligence of a fellow-employee employed by the same employer in the same general business.

IDEM.—The above rule is not changed by the fact that the employee through whose negligence the injury came was the superior of the employee who was injured, in the service in which they were engaged.

APPEAL from the District Court, Tenth Judicial District, County of Yuba.

The defendant was engaged in mining for gold at Sucker Flat, county of Yuba. The plaintiff was in its employ, and was engaged in picking dirt and gravel into the defendant's ground-sluice. The defendant was engaged in blasting rock on the mine. One Kegan was the foreman of all the work, and had authority to employ and discharge hands. The plaintiff was struck by a rock thrown from a blast a distance of about three hundred feet. He was exposed to injury by the blast, and it was by means, of Kegan's negligence that he was not notified that the blast was to be fired. The defendant recovered judgment, and the plaintiff appealed.

*P. Vanclief,* for the Appellant.

The general rule that the master is not responsible to his servant for injuries resulting from the negligence of a fellow-servant was not controverted in the court below; but plaintiff's counsel there contended for two exceptions to the rule:

1. That it is limited to servants engaged in the same service or employment, and in such relation to each other as that one may be supposed to exercise some degree of influence or supervision over the other.

2. That the employer is liable for injury to a subordinate servant by the negligence of a superior. (Pierce on Am. R. R. Law, 299 *et seq.; Gillenwater* v. *Madison,* 5 Ind. 339; *Little Miami R. R. Co.* v. *Stevens,* 20 Ohio, 415; *C. C. & C. R. R.* v. *Keary,* 3 Ohio State, 201; *Whalen* v. *Mad River & L. E. R. R. Co.,* 8 Ohio State, 250; *Labor* v. *Chicago B. & Q. R. R.,* 52 Ill. 401; also reported in 4 Am. Rep. 616; *Louisville R. R. Co.* v. *Collins,* 2 Duval, 114; *Coombs* v. *New Bedford Cordage Co.,* a Massachusetts case reported in 3 Am. Rep. 506.)

*Wm. Irvine*, for the Respondent.

The second exception to the maxim *respondeat superior*, contended for by counsel for appellant, is not recognized in the general line of decisions of the courts of this country or of England.  (*Warner* v. *The Erie Railway Co.*, 39 N. Y. R. 468; *Columbus & Indianapolis Central Railway Co.* v. *Arnold, Admx., etc.*, 31 Ind. R. 174; Shearman & Redfield on Negligence, Sec. 100; *Thayer* v. *St. Louis, etc., R. R. Co.*, 22 Ind. R. 26; *Wilson* v. *Madison, etc., R. R. Co.*, 18 Id. 226; *Sherman* v. *The Rochester, etc., R. R. Co.*, 17 N. Y. R. 153;.*Boldt* v. *N. Y. Central R. R. Co.*, 18 Id. 432; *Wright* v. *Same*, 25 Id. 564; *Hard, Admr.*, v. *Vt. & Can. R. R. Co.*, 32 Vt. R. 473; *Weger* v. *The Penn. R. R. Co.*, 55 Penn. State R. 460; *Yeomans* v. *Contra Costa S. N. Co.*, 44 Cal. 71; *Hogan* v. *C. P. R. R.*, 49 Cal. 128.

The Indiana case referred to by the appellant, was overruled in the later cases cited by me.

By the COURT:

Section 1970 of the Civil Code (which " establishes the law of this State respecting the subjects to which it relates," —Id. Sec. 4.) provides as follows:

" SEC. 1970. An employer is not bound to indemnify his employee for losses suffered by the latter in consequence of the ordinary risk of the business in which he is employed, nor in consequence of the negligence of another person employed by the same employer in the same general business, unless he has neglected to use ordinary care in the selection of the culpable employee."

The injury to the plaintiff was caused by the negligence of Kegan, the foreman of defendant, who was a fellow-servant with the plaintiff—" another person employed by the same employer in the same general business," that is, the business of working the mine of the defendant—Kegan being in the blasting, and the plaintiff in the hydraulic department of the " general business." The section of the Civil Code already recited declares that to such a case the rule of *respondeat superior* shall not apply, unless there has been want of ordinary care upon the part of the defendant *in the selection*

*of the culpable employee.* But the fact was, as found by the court below, that there had been no such want of ordinary care on the part of the defendant; Kegan, the "foreman," being found to be "skillful, competent," and a proper person to perform the duties with which he was charged. "The law of this State respecting this subject," as set forth in the Code referred to, recognizes no distinction growing out of the grades of employment of the respective employees; nor does it give any effect to the circumstance that the fellow-servant, through whose negligence the injury came, was the superior of the plaintiff in the general service in which they were, in common, engaged, and the alleged distinction in this respect insisted upon by the appellant's counsel, founded, as he claims, on the general principles of law and the adjudged cases, requires no examination at our hands. (*Collier* v. *Steinhart*, ante, p. 116.)

Order affirmed.