| 53 | 35 |
| 88 | 366 |
| 53 | 35 |
| 98 | 22 |
| 53 | 35 |
| 100 | 567 |

[No. 5249.]

## EDWARD McDONALD v. CHAS. E. HAZLETINE.

NEGLIGENCE OF FELLOW-SERVANT.—The common employer is not liable for injuries to a servant caused by the negligence of a fellow-servant, in the absence of evidence that the employer had neglected to use ordinary care in the selection of the fellow-servant.

APPEAL from the District Court of the Twelfth Judicial District, San Francisco.

The action was brought to recover damages for injuries to the plaintiff while in the service of the defendant as longshoreman, in loading the ship *Western Shore* with wheat. The plaintiff was employed in taking sacks of wheat from a table in the hold of the vessel and in stowing them away in various parts of the hold. The sacks were slid down a chute to the table, and it appears in evidence that the chute was so steep as to give the sacks great velocity. While the plaintiff was leaving the table with a sack over his shoulder, another sack came down the chute with great force, and after reaching the table it sprang over, struck plaintiff in the back, broke his leg, and otherwise injured him. Chase was a foreman employed by defendant, and was superintending the work, but there was evidence that he was on deck when the chutes were set and the laborers in the hold arranged the chutes to suit themselves. There was no evidence that Chase was not qualified to discharge the duties of his employment.

The case was tried with a jury, and a verdict for the plaintiff was found in the sum of seven hundred dollars. The defendant moved for a new trial, which was denied, and he appealed.

*Sidney V. Smith*, for Appellant.

*McAllisters & Bergin*, for Respondent.

By the Court:

Chase was a person employed by defendant in the same general business as plaintiff.

The common employer was not bound to respond in damages for any injury occurring to plaintiff by reason of the negligence of Chase, in the absence of evidence that he had neglected to use ordinary care in the selection of Chase as a person properly qualified to discharge the duties imposed upon him. (Civil Code, sec. 1970; *McLean* v. *Blue Point M. Co.* 51 Cal. 255; *Collier* v. *Steinhart*, Ibid. 119.)

Judgment and order reversed, and cause remanded for a new trial.