[No. 19167.   Department One.—November 10, 1893.]

JOHN ELLEDGE, RESPONDENT, v. THE NATIONAL CITY AND OTAY RAILWAY COMPANY, APPELLANT.

MASTER AND SERVANT—NEGLIGENCE OF RAILROAD COMPANY—PLACING EMPLOYEE IN UNSAFE POSITION—KNOWLEDGE OF DANGER.—Where a railroad company, by its roadmaster, engaged a servant to work in loading rock from a cliff in which the company had been excavating by blasting for several days, and the roadmaster, who represented the company for the purpose of performing whatever duty it owed to its employees, knew that the condition of the cliff was dangerous, owing to a seam or crack therein, visible only from the rear of the cliff, but failed to warn the servant of the danger, which was not visible from the front of the cliff where the servant was employed at his work and was unknown to him, the company is liable in damages for personal injuries received by the servant through the falling of the cliff.

ID.—DUTIES OF EMPLOYER TO EMPLOYEE.—The duties which an employer owes to his employees are to furnish suitable machinery and appliances by which the service is to be performed, and to keep them in repair and order; to exercise ordinary care in the selection and retention of sufficient and competent servants to properly conduct the business in which the servant is employed, and to make such provision for the safety of the employees as will reasonably protect them against the dangers incident to their employment.

ID.—REPRESENTATION OF EMPLOYER BY AGENT—AGENT'S KNOWLEDGE OF INSECURITY OF SERVANT.—If an act is one which it is the duty of the employer to perform towards its servants, and one of them negligently performs it to the injury of another servant in the same common employment, the offending servant in the performance of such duty acts as the representative or agent of his employer for which the latter is responsible, and the agent's knowledge of the insecurity of the servant injured must be imputed to the employer, and cannot be considered as merely the knowledge of a fellow-servant.

ID.—EVIDENCE OF AGENT'S KNOWLEDGE—DECLARATIONS—RES GESTÆ.—In an action against the railroad company for damages for personal injuries received by its employee through the falling of a cliff near which he was in an insecure position employed by the roadmaster of the company, the

danger of his position being unknown to the employee, evidence of an exclamation of the roadmaster, when the accident happened, that he expected it, is admissible as part of the *res gestæ* upon the question of the knowledge of the railroad company of the unsafe condition of the cliff.

ID.—INSTRUCTIONS—BURDEN OF PROOF—SUFFICIENCY OF PROOF.—An instruction to the jury that "the burden of proof as to the defendant's or its agent's knowledge, or culpability in lacking knowledge, of any insecurity and dangerousness of said cliff is on the plaintiff; but this proof is sufficiently made out by the plaintiff when it is shown that said cliff was insecure and dangerous in such respect that if a proper inspection had been made by defendant the insecurity and danger would have been ascertained in time to have prevented the injury" is not erroneous or misleading, as assuming that such proof was made because of the use of the word "when" instead of "whenever" or "if."

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Luce & McDonald*, for Appellant.

The facts of this case being undisputed, the defendant having offered no evidence whatever, the whole question of negligence was and is a matter of law to be determined by the court. (*Glascock* v. *Central Pac. R. R. Co.*, 73 Cal. 138–42; *Fagundes* v. *Central Pac. R. R. Co.*, 79 Cal. 97–100; *Congrave* v. *Southern Pac. R. R. Co.*, 88 Cal. 360; *Steffen* v. *Chicago etc. Ry. Co.*, 46 Wis. 259; *McGinty* v. *Athol Reservoir Co.*, 155 Mass. 183.)   The foreman, O'Connell, was a fellow-servant of the plaintiff, and therefore the defendant is not liable.   The rule that the defendant should have furnished a safe place for his employees to work in does not apply to this case.  (Civ. Code, sec. 1970; *Yeomans* v. *Contra Costa S. M. Co.*, 44 Cal. 71–82; *Hogan* v. *Central Pac. R. R. Co.*, 49 Cal. 128; *Collier* v. *Steinhart*, 51 Cal. 116; *McLean* v. *Blue Point G. M. Co.*, 51 Cal. 255; *McDonald* v. *Hazletine*, 53 Cal. 35; *Kevern* v. *Providence G. & S. M. Co.*, 70 Cal. 392; *Brown* v. *Central Pac. R. R. Co.*, 72 Cal. 523; *Stephens* v. *Doe*, 73 Cal. 26; *Fagundes* v. *Central Pac. R. R. Co.*, 79 Cal. 97–99; *Congrave* v. *Southern Pac. R. R. Co.*, 88 Cal. 360; *Trewatha* v. *Buchanan G. M. & M. Co.*, 96 Cal. 494;

*Lawler* **v.** *Androscoggin R. R. Co.*, 62 Me. 463; 16 Am. Rep. 492; *Johnson* v. *Boston Tow Boat Co.*, 135 Mass. 209; 46 Am. Rep. 458; *Conley* v. *Portland*, 78 Me. 217; *Lehigh Valley Coal Co.* v. *Jones*, 86 Pa. St. 432; *Delaware etc. Canal Co.* v. *Carroll*, 89 Pa. St. 374; *Keystone Bridge Co.* v. *Newberry*, 96 Pa. St. 246; 42 Am. Rep. 543; *Waddell* v. *Simoson*, 112 Pa. St. 567; *Reese* v. *Biddle*, 112 Pa. St. 72; *Ross* v. *Walker*, 139 Pa. St. 42; 23 Am. St. Rep. 160; *Brick* v. *Rochester etc. R. R. Co.*, 98 N. Y. 211; *Loughlin* v. *State*, 105 N. Y. 159; *Hogan* v. *Smith et al.*, 125 N. Y. 774; *Cullen* v. *Norton*, 126 N. Y. 1; *Connors* v. *Holden*, 152 Mass. 598; *McGinty* v. *Athol Reservoir Co.*, 155 Mass. 183; *Benn* v. *Null*, 65 Iowa, 407; *Quebec Steamship Co.* v. *Merchant*, 133 U. S. 375; *Quincy Mining Co.* v. *Kitts*, 42 Mich. 34; *Lindvall* v. *Woods*, 41 Minn. 212; *Bergquist* v. *Minneapolis*, 42 Minn. 471; *Johnson* v. *Ashland Water Co.*, 77 Wis. 51; *Fraser* v. *Red River Lumber Co.*, 45 Minn. 235; *Marsh* v. *Herman et al.*, 47 Minn. 537; *Ell* v. *Northern Pac. R. R. Co.*, 1 N. Dak. 336; 26 Am. St. Rep. 621; *McAndrews* v. *Burns*, 39 N. J. L. 117; *Quinn* v. *New Jersey Lighterage Co.*, 23 Fed. Rep. 363; *Anderson* v. *Winston*, 31 Fed. Rep. 528.)    O'Connell was a fellow-servant of the plaintiff, and not a vice-principal, but even if he was such vice-principal the duty and acts with which he was charged and which he performed were the duties and acts of an employee only, and not the duties or acts of the defendant, and therefore the defendant cannot be charged with or held liable for his acts. (*Brick* v. *Rochester etc. R. R. Co.*, 98 N. Y. 211; *Loughlin* v. *State*, 105 N. Y. 159; *Hogan* v. *Smith*, 125 N. Y. 774; *Fraser* v. *Red River Lumber Co.*, 45 Minn. 235; *Cullen* v. *Norton*, 126 N. Y. 1; *Stephens* v. *Doe*, 73 Cal. 26; *Johnson* v. *Boston Tow Boat Co.*, 135 Mass. 209; 46 Am. Rep. 458; *McGinty* v. *Reservoir Co.*, 155 Mass. 183; *Ross* v. *Walker*, 139 Pa. St. 42; 23 Am. St. Rep. 160; *Quincy Min. Co.* v. *Kitts*, 42 Mich. 34; *Lindvall* v. *Woods*, 41 Minn. 212; *Ell* v. *Northern Pac. R. R. Co.*, 1 N. Dak. 336; 26 Am. St. Rep. 621; *Quinn* v. *New Jersey Lighterage Co.*, 23 Fed. Rep. 363; *Anderson* v. *Winston*, 31 Fed. Rep. 528; McKinney on

Fellow Servants, sec. 42.)   But in this state an employer is in no case liable to an employee for injuries sustained by the latter in consequence of the negligence of the fellow-servant, unless the employer has neglected to use ordinary care in the selection of the culpable employee. (Civ. Code, sec. 1970; *Collier* v. *Steinhart*, 51 Cal. 116; *McLean* v. *Blue Point G. M. Co.*, 51 Cal. 256; *McDonald* v. *Hazletine*, 53 Cal. 35; *Stephens* v. *Doe*, 73 Cal. 26; *Congrave* v. *Southern Pac. R. R. Co.*, 88 Cal. 364; *Northern Pac. R. R. Co.* v. *Herbert*, 116 U. S. 642, dissenting opinion.)   The negligence, if any, of those working at the quarry or ledge prior to as well as after and during the plaintiff's employment and work there, was, as to the plaintiff, the negligence of fellow-servants.   (*Hogan* v. *Smith*, 125 N. Y. 774.)   The court erred in admitting evidence as to the exclamation of O'Connell after the falling of the cliff.   (*Williamson* v. *Cambridge R. R. Co.*, 144 Mass. 148; *Durkee* v. *Central Pac. R. R. Co.*, 69 Cal. 533; 58 Am. Rep. 562.)   As the evidence did not show knowledge of the danger by or on the part of any one, but did show that the danger was not apparent or known to or suspected by any one, and that plaintiff himself had as good opportunities as any one else to have discovered the condition of the embankment, the trial court erred in not instructing the jury to return a verdict for the defendant, as requested by it.   (*Steffen* v. *Chicago etc. Ry. Co.*, 46 Wis. 259; *Rasmussen* v. *Chicago etc. Ry. Co.*, 65 Iowa, 236; *Naylor* v. *Chicago etc. Ry. Co.*, 53 Wis. 661; *Songstad* v. *Burlington etc. Ry. Co.*, 5 Dak. 517; *Olson* v. *McMullen*, 34 Minn. 94; *Pederson* v. *City of Rushford*, 41 Minn. 289; *Dewey* v. *Parke*, 76 Mich. 631; *Marsh* v. *Herman*, 47 Minn. 537; *Anderson* v. *Winston*, 31 Fed. Rep. 528; *Kevern* v. *Providence etc. Min. Co.*, 70 Cal. 392; *Stephens* v. *Doe*, 73 Cal. 26; *Glascock* v. *Central Pac. R. R. Co.*, 73 Cal. 137.)   The court erred in giving the instructions to the jury which were based upon the theory that O'Connell at the time of the accident occupied the position of vice-principal and not that of fellow-servant, as there was no evidence to sustain this assumption or

to which the instructions were applicable. (*Comptoir d'Escompte* v. *Dresbach*, 78 Cal. 15–26.) The tenth instruction was also erroneous. (Const., art. VI, sec. 19; *Kauffman* v. *Maier*, 94 Cal. 283.)

*Wellborn, Stevens & Wellborn*, for Respondent.

The question of negligence was one for the jury. (*Glascock* v. *Central Pac. R. R. Co.*, 73 Cal. 141; *Magee* v. *Northern Pac. R. R. Co.*, 78 Cal. 433; 12 Am. St. Rep. 69; *Sanborn* v. *Madera Flume Co.*, 70 Cal. 261, 269; *Ingerman* v. *Moore*, 90 Cal. 410, 424; 21 Am. St. Rep. 138.) O'Connell occupied the position of vice-principal and not that of a fellow-servant, and the defendant is therefore liable for his acts. (*Malone* v. *Hathaway*, 64 N. Y. 5; 21 Am. Rep. 573; *Brabbits* v. *Chicago etc. Ry. Co.*, 38 Wis. 297; *Harrison* v. *Detroit etc. R. R. Co.*, 79 Mich. 428, 429; 19 Am. St. Rep. 180; *Northern Pac. R. R. Co.* v. *Herbert*, 116 U. S. 642.) And the doctrine, running through the foregoing cases, generally called the doctrine of vice-principalship, has been fully established in this state. (*Beeson* v. *Green Mountain G. M. Co.*, 57 Cal. 20, 31; *McKune* v. *California S. R. R. Co.*, 66 Cal. 302, 305; *Brown* v. *Central Pac. R. R. Co.*, 68 Cal. 171, 176; *Brown* v. *Sennett*, 68 Cal. 225, 229; 58 Am. Rep. 8; *Sanborn* v. *Madera Flume Co.*, 70 Cal. 261, 265; *Congrave* v. *S. P. R. R. Co.*, 88 Cal. 360; *Ingerman* v. *Moore*, 90 Cal. 410, 426; 25 Am. St. Rep. 138.) The failure of the defendant to provide a safe and proper place for the plaintiff to work renders the defendant liable in damages for the injuries received by the plaintiff. (*Pantzar* v. *Tilly Foster Iron Min. Co.*, 99 N. Y. 369; *Louisville etc. Ry. Co.* v. *Graham*, 124 Ind. 89; *Cunningham* v. *Union Pac. Ry. Co.*, 4 Utah, 206; *Buckley* v. *Port Henry I. O. Co.*, 2 N. Y. Supp. 333, and cases cited in annotation; *Ryan* v. *Tarbox*, 135 Mass. 207; *Coombs* v. *New Bedford Cordage Co.*, 102 Mass. 572, 599; 3 Am. Rep. 506; *Toledo etc. Ry. Co.* v. *Conroy*, 68 Ill. 561; *Chicago etc. R. R. Co.* v. *Rung*, 104 Ill. 641; *Chicago & Alton R. R. Co.* v. *May*, 108 Ill. 289; *Delaney* v. *Hilton*, 50 N. Y. Sup. Ct. 345.) As the danger was not visible

from where the plaintiff was directed to work he had the right to rely upon his employer to protect him. (*Baxter* v. *Roberts*, 44 Cal. 187; 13 Am. Rep. 160; *Rodgers* v. *Central Pac. R. R. Co.*, 67 Cal. 608; *McGlynn* v. *Brodie*, 31 Cal. 377, 380.) The testimony about O'Connell's exclamation was admissible not only as a part of the *res gestæ* but also upon the issue as to whether he had knowledge of the dangerous character of the rock. (*Strahlendorf* v. *Rosenthal*, 30 Wis. 675.)

TEMPLE, C.—Plaintiff sues for damages for personal injuries alleged to have been caused by defendant's negligence.

Plaintiff avers that he was employed by defendant as a laborer, and engaged under its direction in loading stone upon a car, and "that the car on which defendant was loading stone, as aforesaid, on said day, was placed by said defendant, and stood during said day near and alongside, to wit: about ten feet of a rock or cliff or embankment; that said cliff was of stone, and was thought by plaintiff to be solid and secure, and plaintiff, prior to the falling of said cliff as hereinafter described, had no knowledge or intimation that said cliff was insecure, or that the place where he was working was unsafe or dangerous, but that defendant, by the exercise of reasonable care and diligence, could have known that said cliff was insecure and dangerous; and that defendant did well know that said cliff was insecure and dangerous and liable to fall, but withheld all knowledge of such facts from plaintiff.

The answer consists of denials.

A verdict for the plaintiff was rendered for three thousand dollars damages. The appeal is from the judgment and from an order refusing a new trial.

The defendant is a corporation operating a line of railroad in San Diego, and plaintiff was a section-hand in the employ of defendant, engaged in loading rock from a bank or cliff on one of defendant's cars for use in the repair of the roadbed. The car stood from eight

to ten feet from a bank nearly vertical from ten to sixteen feet high, formed by a cut made in the construction of the road. The work had been progressing at that point for three or four days at least. How long does not appear. The work was done under the direction of Jerry O'Connell, roadmaster, who had authority to employ and discharge men, and did employ the plaintiff.

The plaintiff had on previous occasions been in the employ of defendant, but had never previously been employed in blasting rock. On the last employment he commenced work about seven o'clock in the morning of the day on which he was injured. When he reached the place he found no foreman there, but he and a fellow-workman finding drills, put three blasts in the bank about ten feet from the cliff, which afterwards fell to his injury. About three hours after the last blast, while plaintiff and others were loading a car under the immediate direction of O'Connell, some rocks and earth slid down, injuring plaintiff. At the trial defendant introduced no evidence, and in its motion for a new trial and on this appeal contends:

1. That the injury was caused solely by mischance and accident, or by the negligence of plaintiff and his fellow-servants.

2. There is no evidence showing negligence on the part of the defendant.

Respondent contends that the injury occurred because a safe place was not provided in which he could perform his service. It is charged "that plaintiff, without any fault or negligence on his part, but owing entirely and solely to the gross carelessness and negligence of the defendant, in requiring and allowing plaintiff to work in said dangerous place and in failing to warn and notify plaintiff that the place was dangerous and that said cliff was loose, insecure, and dangerous, was injured as above set out."

The liability of the defendant is therefore based entirely upon the charge that it failed to furnish a safe

place in which to work, but, on the contrary, set him to work at an unsafe place, knowing its insecurity, while plaintiff was wholly ignorant of its dangerous character.

In the case of *Daves* v. *Southern Pacific Co.*, 98 Cal. 19, 35 Am. St. Rep. 133, the law upon this vexed subject was fully considered.

In that case Bresnahan, the section foreman, had full authority to employ and discharge men, and they were entirely subject to his orders during their employment. One morning they had started out upon a hand-car to the place where they were to be employed. A train being due, they turned upon a sidetrack to avoid it. Bresnahan carried the key to the switch, and himself unlocked it and turned it. He then directed the deceased to examine the hand-car to see what repairs were needed upon it. Daves stooped down under the car to do so and the incoming train ran upon the sidetrack through the carelessness of Bresnahan in leaving the switch open, and Daves was crushed. It was held that the fact that Bresnahan had authority to employ and discharge the men, with full control over them in performing their work, was immaterial; that an employer owes certain duties to his employees, which he cannot avoid responsibility for by delegating to another; that whoever is authorized and required to perform this duty for the master represents the master as to the performance of that duty and no further. Grade of employment is or no consequence. The question is: "Was, then, the act or omission which caused the injury a personal duty which the defendant corporation owed to the deceased while he was engaged in the performance of his duties as its employee? If it was, and the deceased was not at fault, then the defendant corporation is liable, otherwise not."

The duties which an employer owes to his employees are said to be: "To furnish suitable machinery and appliances by which the service is to be performed, and to keep them in repair and order; to exercise ordi-

nary care in the selection and retention of sufficient and competent servants to properly conduct the business in which the servant is employed, and to make such provisions for the safety of the employees as will reasonably protect them against the dangers incident to their employment."

It was held that the corporate defendant in that case was not liable, because the place was "of itself, in the first instance, a reasonably safe one," and was made unsafe solely through the negligence of Bresnahan in leaving the switch turned upon the sidetrack, when he ought to have turned it back to the main track; that in this act Bresnahan, though having entire control of the workmen and the switch, did not represent the corporation, but was merely a fellow-workmen with Daves. He did not represent the employer, because the corporation had discharged its duty in providing a safe place in which to do the work, and was not responsible if the place was rendered unsafe by the negligence of the fellow-workmen of Daves.

In the case at hand it appears that the plaintiff had been engaged in excavating where the accident occurred for several days; that there was a seam or crack, as some of the witnesses call it, behind the part of the bank that slid off, conspicuous from the rear, but not visible from the front; that O'Connell, who certainly represented the defendant for the purpose of performing whatever duty it owed to its employees, knew all about it. On the Saturday previous to the accident his attention was called to it, and when the car was placed in position O'Connell again noticed it, and one of the men said: "She still hangs," and O'Connell replied, "Yes, it is liable to stay there until about the first rains," and the workman replied: "Yes, and liable to come down at any time, too." Plaintiff was then called from another point, and set to work filling the car, soon after which the accident occurred. When O'Connell saw what had happened, he said to a workman: "My God! I expected

that; run and help McCann." McCann and plaintiff were each partly buried in the debris.

Plaintiff had been in defendant's employ for about five hours before the accident. He had not been warned as to the dangerous condition of the cliff, and knew nothing of it. The crack was not visible from the front where he was at work.

Here it is evident the employer had not performed the duty it owed to the servant. He was set to work in a place known, or which the employer ought to have known, was unsafe. He was not informed of the danger. Under the rule laid down in *Daves* v. *Southern Pacific Co.,* 98 Cal. 19, 35 Am. St. Rep. 133, the defendant is liable.

It is further argued that O'Connell's knowledge of the insecurity was but the knowledge of a fellow-laborer, and cannot be imputed to the defendant. The defendant not being a sentient being, knowledge can only be imputed to it when some agent is chargeable with it. The evidence leaves no doubt upon the proposition that O'Connell was the agent who was required to perform whatever duty defendant owed to its employees.

"If the act was one which it was the duty of the employer to perform towards its servants, and one of them negligently performed it to the injury of another servant in the same common employment, then the offending servant in the performance of such duty acted as the representative or agent of his employer, for which the employer is responsible." (*Daves* v. *Southern Pacific Co.,* 98 Cal. 19; 35 Am. St. Rep. 133.)

The danger upon any proper examination was "conspicuous," though the evidence was not visible where plaintiff was at work. Defendant must be held to have known of it.

Appellant also alleges some errors of law at the trial.

1. He contends that it was error to permit the witness to state, against his objection, the exclamation of O'Connell when the cliff came down. This is plainly part of the *res gestæ.* It was unpremeditated and could hardly

have been made if O'Connell had not feared that it might come down. It does not depend for its probative force upon O'Connell's veracity, and therein is entirely unlike a deliberate admission made after the event.

2. Objection is made to certain instructions given at the request of plaintiff. All but one are founded upon the proposition that O'Connell was not shown to be the representative of the defendant at the time of the accident. They do not require further discussion. The other is the tenth, which is as follows:

"The burden of proof as to the defendant's or its agent's knowledge, or culpability in lacking knowledge, of any insecurity and dangerousness of said cliff, is on the plaintiff; but this proof is sufficiently made out by the plaintiff when it is shown that said cliff was insecure and dangerous in such respect that if a proper inspection had been made by defendant the insecurity and danger would have been ascertained in time to have prevented the injury."

The objection is to the use of the word "when" instead of "whenever" or "if." It is said that it assumes that such proof was made. This is against the manifest intention. A proposition is laid down in the first part of the instruction to the effect that the burden is on the plaintiff to prove certain facts, the last part simply tells what evidence is sufficient for that purpose. I do not think the jury were misled.

I recommend that the judgment and order be affirmed.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

PATERSON, J., GAROUTTE, J., HARRISON, J.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.