ANTON DRYMALA *vs.* HORACE THOMPSON and others.

## May 2, 1879.

**Duty of Master to furnish proper Machinery, etc—Entrusting this duty to Agent or Servant, who neglects it—Liability of Master.**—It is the duty of a master to use due care in supplying and maintaining suitable instrumentalities for the performance of the work required of his servants. This duty is imposed upon him as master. It is an absolute and personal duty —that is to say, it is one, from responsibility for the proper discharge of which, the master cannot escape by entrusting its performance to a servant or agent. If the master does so entrust it, the servant or agent is charged with the master's duty, and in the case of a corporation, such servant or agent occupies the place of the corporation, and the latter is deemed present, and consequently liable for the manner in which such servant or agent acts. The negligence of the agent or servant in such cases is the negligence of the master.

**Same—Injury of Employe on Train through negligence of Section Foreman removing Rail from Track.**—In the instance of a railroad, the track is one of the instrumentalities for the working of the road, and therefore something which it is the master's absolute and personal duty to employ due care in maintaining and keeping in a condition suitable to the purposes for which it is to be used—that is to say, in such a condition that it can be safely used for such purposes. Application of these views to the case at bar, in which the plaintiff, an employe of defendants on a wood train, was injured through the negligence of a section foreman in taking up a rail for track repair, without putting out proper signals to warn approaching trains.

Appeal by defendants from a judgment of the district court for Ramsey county, where the action was tried before *Brill*, J., and a jury.

*Geo. L. & Chas. E. Otis,* for appellants.

*Pierce, Stephenson & Mainzer,* for respondent.

BERRY, J. The defendants, who were operating the railroad of the First Division of the St. Paul & Pacific Railroad Company, had the plaintiff in their employ as a laborer on a wood train. The train was in constant use, but had no regular running time. On February 24, 1877, as it was running towards Willmar, the cars which formed part of it, and which were loaded with wood, were ditched, in consequence

of a rail having been taken up for repair of the track, and the plaintiff, who was attending the brakes, leaped to the ground for the purpose of saving himself, and broke his leg. He brings this action for damages. No negligence is imputed to the plaintiff, or to any other person belonging to the train. It appears that the railroad is divided into short sections, each of which is under the charge of a section foreman, whose duty it is to keep his section in repair, and for that purpose to take up rails if necessary. It further appears that the rail, the absence of which occasioned the ditching of the cars, was taken up for the purpose of repairing the track, by the foreman of the section in which the accident occurred, and that he negligently failed to put out any proper signals as a warning to approaching trains. It is found by the jury, and in effect conceded by the defendants, that the foreman was thus negligent, and that such his negligence was the cause of the ditching of the train, and of the consequent injury to plaintiff. The defence is, that the section foreman was the plaintiff's fellow-servant, and that, as he was a competent and suitable foreman, the defendants, his employers, are not liable to the plaintiff for the consequences of his negligence.

In our opinion, this defence is not well taken, the rule recognized in *Foster* v. *Minn. Central Ry. Co.*, 14 Minn. 360, exempting a master from liability to one servant for the negligence of a fellow-servant, having no application to the facts of this case. It is the duty of a master to use due care in supplying and maintaining suitable instrumentalities for the performance of the work required of his servants. This duty is imposed upon him as master. It is a duty which the law implies from the relation of master and servant, and which it regards as entering into the contract by which the relation is formed. It is therefore an absolute and personal duty—that is to say, it is one, from responsibility for the proper discharge of which the master cannot escape by entrusting its performance to a servant or agent. If he does so entrust it, (as a corporation must do,) the servant or agent, as is said

in one case from Massachusetts, cited below, is "charged with a master's duty" to another servant, or, as said by Chief Justice Church in a case cited below from New York, in which the master was a corporation, "he (the servant or agent) occupies the place of the corporation, and the latter should be deemed present, and consequently liable for the manner in which" the servant or agent acts. It follows that the negligence of the agent or servant in performing this duty of his master is the negligence of the master himself, and that the master is therefore responsible for the consequences of such negligence.

These views are fully sustained by the following, among very many cases:   *Bessex* v. *Chicago & Northwestern Ry. Co.*, 45 Wis. 477; *Snow* v. *Housatonic R. Co.*, 8 Allen, 441; *Ford* v. *Fitchburg R. Co.*, 110 Mass. 240; *Flike* v. *Boston & Albany R. Co.*, 53 N. Y. 549; *Lewis* v. *St. Louis & I. M. R. Co.*, 59 Mo. 495. See also, Cooley on Torts, 561–564, and citations.

In the instance of a railroad, the track is one of the instrumentalities for the working of the road, and therefore something which it is the absolute and personal duty of the master to employ due care in maintaining and keeping in a condition suitable to the purposes for which it is to be used— that is to say, in such condition that it can be safely used for such purposes.   See cases *supra.*   When such master entrusts the performance of this duty to a servant or agent, such servant or agent occupies the place of the master as respects such performance, and the negligence of such servant or agent in performing the duty is the negligence of the master himself. From the application of these rules to the facts of the case at bar, it follows that the negligence of the section foreman, which occasioned the plaintiff's injury, was the negligence of the defendants, and that they were, therefore, properly held liable for the same by the verdict of the jury.

This conclusion disposes of the case, and renders it unnecessary for us to examine or pass upon the other points presented in the briefs of counsel.   Judgment affirmed.