This is a plain case. It is evident that the primary cause of the injury was the neglect of the switchman, Baldwin, to properly adjust the switch after using it to pass the local freight back upon track number three. As Baldwin must be deemed to have been the co-servant of the plaintiff's intestate, the plaintiff cannot recover unless some neglect of the defendant, as principal, also contributed to produce the injury. *Page 485 
The plaintiff alleged, and sought to prove upon the trial, that the defendant had wrongfully and negligently intrusted the duty of switchman at that station to an incompetent and inexperienced person; and that, by reducing the force employed at the station, the defendant had knowingly and unreasonably devolved upon Baldwin labors which were too numerous, and various, and distracting for one man to perform. The principal witness for the plaintiff on the main issue was the switchman, John Baldwin.
In a case of negligence, it is not enough to entitle a plaintiff to recover that he brings an action and proves an injury. His evidence must go further and establish some fault on the part of the defendant, some act of negligence amounting to a breach of duty on his part. And it must appear that the injury was the result of the negligence proved. It is quite immaterial what fault the defendant may have committed in respect to the number of men employed to do the work at the station, or as to the number or character of the duties imposed upon Baldwin, unless such fault contributed to produce the injury complained of. If the defendant violated no duty which it owed the plaintiff's intestate this action cannot be maintained. The train on which the deceased was employed was a through train, that is, it was to pass Lyons station without stopping. The track and switches being in good order the only duty the defendant owed the employes on the train in question was to see to it that the switches at this station were placed under the control and management of a competent switchman, giving him sufficient time, unembarrassed by other duties, to enable him properly to attend to them. Did the defendant perform this duty? At the time of the accident Baldwin had been in the employ of the defendant at the Lyons station for about seven years. Until within about three months of the accident he had acted as baggageman and general helper at the station, operating the switches only occasionally. He testifies that at one time the defendant employed six men to do the work of the station, but about a year previous to the accident one of these men was discharged, and about six months after *Page 486 
another was discharged, and three months previous to the accident a third man was discharged, leaving but three men to do the work which at one time six men were employed to do. Formerly, Baldwin's hours of employment had been from seven o'clock in the morning till eleven o'clock in the evening; but when the last discharge was made he was told that his "beat," as it was called, would be from twelve o'clock at night till noon of each day, and that he would have charge of the switches during his beat, in addition to the duties he had previously performed. To this Baldwin testifies that he objected, alleging that he was too old a man to be put upon night work, and that he had not sufficient experience as switchman to undertake this duty. He says that he was told that if he could not do it another man would be employed, so he undertook the duties, and, at the time of the accident, had performed them for three months continuously. The question of Baldwin's competency to act as switchman must relate to the time of the injury and not to the time when he first assumed the duties. For three months previous to the injury he had had exclusive control of the switches for twelve hours every day, and so far as the evidence discloses he had performed this duty to the satisfaction of the company and without fault or neglect on his part. He was a man of but fifty-six years of age, and there is no suggestion that he was not possessed of ordinary intelligence. The duties of a switchman are not complicated or difficult, and there can be no doubt that on the day in question Baldwin was entirely competent to perform the duties imposed on him. It appears from his own evidence that his failure to close the switch on the day in question did not arise from any inability on his part to perform the work he was set to do, but that such failure was the result of sheer inattention and carelessness on his part. It was argued that the neglect of Baldwin is to be attributed to the multifarious and conflicting duties imposed upon him by the defendant. But this assumption is completely overthrown by his own evidence, for he testifies that he left the switch and went to the telegraph office, sat down on a *Page 487 
box, and was sitting there engaged in a conversation with the operator when the train on which the deceased was a fireman passed him. This proves that his failure to close the switch cannot be attributed to the fact that at this instant of time he was called to the discharge of some other and conflicting duty. Having sufficient time to properly adjust the switch and knowing well how to operate it, he went away leaving it open. Baldwin testified that it was a part of his duty to report the time when the various trains passed the Lyons station; and upon the argument it was insisted that the evidence showed that he left the switch in question for the purpose of reporting the train on which the intestate was employed. This is also disproved by the evidence of Baldwin himself. He testifies that the train in question was a "wild cat" train, and that he had no knowledge that such a train was approaching the station until it passed him, when he was conversing with the operator. There is no evidence in this case which warranted the jury in finding that any act of neglect on the part of the defendant contributed in any manner to produce the injury which resulted in the death of plaintiff's intestate. The judgment should be reversed and a new trial granted, costs to abide the event.
All concur, except RAPALLO, J., absent.
Judgment reversed.