SHELDON T. BROWN *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

March 31, 1884.

**Railway — Negligence — Fellow-Servants — Station Agent and Engineer.**—In the absence of controlling evidence to the contrary, an ordinary railway station agent is presumed to have general charge of the tracks in and about his station. As respects such charge he is the *fellowservant* of an engineer engaged in running a locomotive upon any of such tracks, and hence the common master of the two is not responsible to the engineer for injury which he may receive in consequence of the negligence of the station agent as respects the charge of such tracks.

Appeal by plaintiff from an order of the district court for Hennepin county, *Young*, J., presiding, refusing a new trial.

*Merrick & Merrick*, for appellant.

*J. D. Springer*, for respondent.

BERRY, J. While plaintiff was running a regular passenger train upon defendant's railroad as a locomotive engineer, his engine (without apparent fault on his part) ran into some box cars standing upon the main track at Winthrop station, and he was injured. The main track was that to which plaintiff's train was entitled. The freight cars had been placed there by persons not in defendant's employ, for their own convenience, and without other authority than the assent of the station agent. They were placed there about 3 P. M., and the collision occurred at 7:35 P. M., so that they had then been there more than four hours. The train was due at the station at 7:27. The plaintiff put in evidence a rule of the company as follows:

"Station agents are responsible for safety of switches, which must always (except when a man is standing by) be kept right for trains running on main track. They must see that no cars are moved on side track so near the switches as not to properly clear the main track. Cars must not be allowed on the main track to load or unload, unless permission is obtained from train-master."

There was no evidence of any other rule or regulation, express or implied, as to the management of the tracks at or about the station, or as to the duties of a station agent. But we agree with the plaintiff's counsel that, in the absence of controlling evidence to the contrary, an ordinary railway station agent is to be taken as having general charge of the tracks at and about his station. This is a reasonable presumption of fact, founded upon the ordinary course of business, the common understanding of the public, and the nature and necessities of the case. Of course, the station agent is always subject to the control of his superiors, and his general charge may be limited by rules and regulations; as, in this instance, by the prohibition to place cars upon the main track to load or unload without permission from the train-master, or by the assignment of some portion of what would ordinarily be his duties to some other person. The presumption spoken of appears to be assumed by the rule put in evidence.

As a consequence of these views it is clear that, upon the facts before stated, it was the duty of the station agent, as respects the plaintiff, to see to it that the main track was unobstructed and ready for his train, and that, in suffering it to be obstructed as it was, the agent was guilty of negligence through which plaintiff was injured. As respects the defendant, this negligence of the station agent is the only negligence of which plaintiff can or does complain. In this state of facts the trial court dismissed the action, being of opinion that the station agent was plaintiff's fellow-servant, and that, therefore, (no charge of incompetence being made against him,) plaintiff cannot recover for the injuries resulting from his negligence. It remains to consider whether this opinion is correct.

*Prima facie* the plaintiff and the station agent were fellow-servants, for they were acting together under one master in carrying out a com-

mon object. *Gilman* v. *Eastern R. Co.*, 10 Allen, 233. They were engaged in the same common employment, under the same general control. Cooley on Torts, 544, and cases cited. They were subject to the same general control, coupled with an engagement in the same common pursuit. Wood on Master and Servant, §§ 426, 435, and cases cited. *McGowan* v. *St. Louis, etc., R. Co.*, 61 Mo. 528; Thompson on Negligence, p. 1037, § 38. Is there anything to except the station agent from this *prima facie* relationship of fellow-servant to the plaintiff? He would be excepted only if he stood in the place of the master as a vice-principal, or, as it is sometimes expressed, as the master's *alter ego*. *Malone* v. *Hathaway*, 64 N. Y. 5. But one employed becomes a vice-principal as respects another only when he is intrusted with the performance of some absolute and personal duty of the master himself, such as the providing of proper instrumentalities with which the service required of an employe is to be performed, or the general management and control of the master's business, or of some branch of it. *Drymala* v. *Thompson*, 26 Minn. 40, and cases cited; Wood on Master & Servant, §§ 390, 438; *Mullan* v. *Philadelphia, etc., Co.*, 78 Pa. St. 25; *Malone* v. *Hathaway, supra*. In such cases the negligence of the vice-principal is the negligence of the master. *Drymala* v. *Thompson, supra; Fay* v. *Minn. & St. L. Ry. Co.*, 30 Minn. 231; Cooley on Torts, 560, 563; *Corcoran* v. *Holbrook*, 59 N. Y. 517; *Quincy M. Co.* v. *Kitts*, 42 Mich. 34; *Booth* v. *B. & A. R. Co.*, 73 N. Y. 38. But the general management or control of the master's business, or some branch thereof, does not include the case of one simply charged with special duties performing them under the direction of the master, or under the control of superior officers. *Malone* v. *Hathaway, supra*.

Applying the rule that, the facts being undisputed, the relation of the station master to the plaintiff is a question of law, (*Marshall* v. *Schricker*, 63 Mo. 308,) in our opinion the station master in this case does not fall within the exception to the rule making him *prima facie* plaintiff's fellow-servant. Here there was no neglect to furnish or maintain suitable instrumentalities for the performance of plaintiff's proper service; and herein this case differs essentially from *Drymala* v. *Thompson, supra*, relied upon by plaintiff. There the track itself

was defective. Here no complaint is made that the track was improperly constructed or in bad order, but the complaint, in effect, is that a proper track was improperly used or attended to by the station agent. A master is not, by reason of any absolute or personal duty on his part, liable to one employe for the improper use of proper instrumentalities by another. *Floyd* v. *Sugden*, 134 Mass. 563; *Summersell* v. *Fish*, 117 Mass. 312; *Griffiths* v. *Gidlow*, 3 H. & N. 648; *Gibson* v. *Pacific R. Co.*, 46 Mo. 163; Wood on Master & Servant, § 371; *Brown* v. *Winona & St. P. R. Co.*, 27 Minn. 162; *Heine* v. *Chicago & N. W. Ry. Co.*, 17 N. W. Rep. 420. Any other doctrine would obviously lead to most astonishing consequences.

Neither is the station agent's case that of an officer exercising general control or management of the defendant's business, or of a branch thereof. He is simply charged with special duties as to his station, as a switchman sometimes is as to a particular switch, or an engineer as to a particular engine. His duty is simply that of an *operative*. *Farwell* v. *B. & W. R. Co.*, 4 Met. 49; *Gilman* v. *Eastern R. Co., supra; Zeigler* v. *Day*, 123 Mass. 152; *Crispin* v. *Babbitt*, 81 N. Y. 516; *McCosker* v. *L. I. R. Co.*, 84 N. Y. 77; *Harvey* v. *N. Y. C. & H. R. R. Co.*, 88 N. Y. 481; *Slattery* v. *Toledo, etc., R. Co.*, 23 Ind. 81; 30 Moak, Eng. Rep. (note,) 340, 342; *Flynn* v. *City of Salem*, 134 Mass. 351. As it would seem, then, that there is nothing to take the station agent in this instance out of the category of a *prima facie* fellow-servant of the plaintiff, we are of opinion that the court below was right in holding him to be such fellow-servant and in dismissing the action accordingly.

Order affirmed.

GILFILLAN, C. J., *dissenting.* I fail to distinguish this case from that of *Drymala* v. *Thompson*, 26 Minn. 40, and therefore think there should be a new trial.