WILLIAM R. PARKER *vs.* NEW YORK & NEW ENGLAND RAILROAD COMPANY.

In an action against a railroad company for personal injuries, the declaration alleged that the plaintiff was a fireman on one of the company's locomotives, and, while in the performance of his duties, was thrown from the engine and injured in consequence of a certain switch being left open and in a dangerous condition through the negligence of the company in not providing a switchman therefor, as it had hitherto and has since done.   The proof at the trial was that the yard master had appointed the yard conductor to tend the switch during the temporary absence of the regular switchman ; that the yard conductor was competent to discharge the duties of switchman, but that having other duties to attend to, he forgot to close the switch in time for the train on which the plaintiff was employed.   The plaintiff recovered a verdict.   On defendant's petition for a new trial,

*Held,* that the negligence which caused the injury was that of the yard conductor while acting as switchman, and hence the negligence of a fellow servant for which the company was not liable.

*Held,* further, that the company discharged its duty when it provided a competent person to attend to the switch.

*Held,* further, that notice could not be imputed to the company that the switch was unattended from the fact that the yard conductor did not remain at the switch continuously during the day, even though the custom was to keep a switchman there constantly.

*Held,* further, that judgment should be entered for the defendant unless the plaintiff obtain leave to amend his declaration.

DEFENDANT'S petition for a new trial.

*January* 19, 1895.   TILLINGHAST, J.   This is an action for trespass on the case for negligence.   The declaration in brief sets out that the plaintiff was in the employ of the defendant corporation in the capacity of fireman on a locomotive running between Washington Village and the city of Providence ; that it was the duty of the defendant to keep and maintain its road bed and switches in a safe and proper condition so as not to endanger the life or limb of any of its employees, but that on the day of the happening of the acci-

dent to plaintiff the defendant failed to discharge its said duty in not providing a switchman at a certain switch situated at Providence on the line of its road, at which point it was the duty of the defendant to provide a switchman, and at which point the defendant had hitherto and has since provided a switchman; that on the day of the happening of said accident the switch was left open and in a dangerous condition by reason of said failure to provide a switchman therefor, whereby the plaintiff, while in the performance of his duty and in the exercise of due care, was thrown from the engine on which he was employed and seriously injured.

At the trial of the case in the Common Pleas Division the plaintiff recovered a verdict in the sum of $6000, and the defendant now petitions for a new trial on the grounds of certain erroneous rulings of the presiding justice at the trial, and that the verdict was against the evidence and the weight thereof.

The proof shows that the plaintiff, at the time of receiving the injury complained of, was a fireman in the employ of the defendant corporation; that he was on the locomotive of the 4.50 P. M. train from said Washington Village to Providence; that the switch known as the Hospital switch, situated at the Springfield yards in said Providence was left open by the switchman or person whose duty it was to attend the same for the time being, and that by reason of said switch being left open the engine upon which the plaintiff was riding ran upon the siding, throwing the plaintiff out and causing him to be seriously injured.

The proof also shows that one Dwight Tourtellot, who was the regular switchman at said switch was off duty during a part, and according to some of the testimony, during all of the day on which said accident occurred, he having been excused by the yard master, and that the latter appointed one Gilbert Bullard the yard conductor to look out for said switch during the absence of Tourtellot; that Bullard had occasion to use said switch during the afternoon in making up trains, and by reason of other duties forgot to close it in time for the train on which plaintiff was employed to pass that point.

In this state of the proof it is clear that the plaintiff was not entitled to recover. The cause of the injury complained of was the neglect of the said yard conductor Bullard to close the switch or cause it to be closed after using the same in the manner aforesaid, so that the 4.50 P. M. train might pass the same in safety. This he neglected to do, whereby the plaintiff was injured. But the negligence of Bullard was clearly the negligence of a fellow servant, and was therefore one of the risks assumed by the plaintiff when he entered the defendant's employ. *St. Louis, etc., Railway Co.* v. *Needham,* 63 Fed. Rep. 107. The plaintiff does not allege in his declaration, nor does he attempt to prove that Bullard was incompetent to discharge the duty devolved upon him by the yard master, while on the other hand there is uncontradicted proof that he was competent. Nor does the plaintiff allege that by reducing the force employed at the yard, the defendant had knowingly and unreasonably devolved upon said Bullard labors which were too numerous, various and distracting for one man to perform. See *Harvey* v. *N. Y. C. & H. R. R. R. Co.,* 88 N. Y. 481, but he simply alleges that the defendant was negligent in failing to have a switchman at said switch as the rules and customs of the road required.

We think therefore that the defendant discharged its duty to the plaintiff, so far as that duty is set out in the declaration, when it provided a competent person to attend to said switch; and having discharged its duty in this regard the plaintiff was not entitled to recover simply because the co-servant failed to discharge his duty in the premises.

We do not see that the point urged by plaintiff's counsel, viz., that as no person remained at the switch during the day, in accordance with the custom to have some one there constantly, the jury may properly have inferred that the defendant knew that it was unattended, and hence was guilty of negligence, is of any importance, so long as some one was provided to look after the same; for it was clearly not necessarily incumbent on the defendant to have a switchman there continuously. Its duty was to provide a competent person to take care of the switch during the temporary absence of

Tourtellot, and having done this, it had the right to presume that the person so provided would discharge his duty. And the mere fact that he did not remain at said switch continuously during the absence of Tourtellot, could not properly be construed by the jury as an implied notice to the company that said switch was unattended.

Some proof was introduced by the plaintiff tending to show that the switch itself was out of order, in that the target attached thereto had not been painted in a long time, thereby rendering it difficult for the engineer to determine whether or not it was showing danger, until he arrived at a point very near to the same ; and that on the day of the accident, it being a damp, foggy day, he could not discover that said target was showing danger until it was too late to stop his train before striking the switch. But as the declaration does not allege the existence of any such defect, this proof was not pertinent to any issue raised in the case.

As it is clear that under the declaration as framed, and the proof submitted, the plaintiff has no case on the merits, it becomes unnecessary to consider the questions of law raised by the defendant's exceptions to the rulings of the court.

Petition for a new trial granted, and case remitted to the Common Pleas Division with direction to enter judgment for the defendant unless plaintiff obtains leave to amend his declaration.

*Charles H. Page & Franklin P. Owen*, for plaintiff.

*James M. Ripley & John Henshaw*, for defendant.