Burket, J.
The coal company operated its mine by means of a mine boss who had authority to hire and discharge employes. In the operation of a coal mine such a mine boss stands for and in place of the company, and his acts and omissions in the operation of the mine are the acts and omissions of the corporation. He is not a fellow servant with the miners employed by him. And if he directs one of the miners under his employ to perform some of the duties of the mine boss, such miner while so performing such duties is not the fellow servant of the other miners, but while not so performing the duties of the mine boss he would be such fellow servant. The mine boss cannot delegate his duties to a miner under his employ so as to relieve the company from responsibility for negligence in the discharge of the duties of the mine boss, whether such negligence arises from the acts or omissions of the mine boss, or of some miner under Ms employ, and by him directed to perform the duties of such boss.
*75 The entry in which Mr. Smith was injured was not a room that he was required to keep in a safe condition himself, as was the case in Coal and Mining Co. v. Clay, 51 Ohio St., 542; but on the contrary, the entry was a place furnished to the miners by the company, through its mine boss, and the duty devolved upon the mine boss to use ordinary care in making and keeping, the entry, in a reasonably safe condition for the protection of miners passing in and out through and along the same; and this duty could not be shifted by the mine boss to one of his employes so as to relieve the company from liability for the negligence of such employe while in the performance' of the duties of the mine boss as to keeping such entry in a safe condition. The principle as to inspectors, as in Railroad Co. v. Webb, 12 Ohio St., 475, are not applicable to the relations existing between a mine boss and his employs, because the miners are completely under his control, and their safety depends upon his vigilance and the proper discharge of his duties.
Our statutes on the subject of mining, Section 6871, Revised Statutes, indicate a public policy to the effect that mine owners shall be charged with the duty of making their mines reasonably safe for miners; and miners themselves are also required in certain cases to look out for their own safety, as in propping the roofs of the rooms in which they work, the duty of furnishing the timbers being cast upon the company; but there is no provision requiring the miners to prop or look after the safety of entries; that duty rests therefore on the owners-of the mines.
The case of Troughear v. Coal Co., 62 Iowa, 576, is cited by counsel for plaintiff in error to sustain his contention. In that case there was a pit boss who had no authority to hire or discharge employes, that power being vested in a superintendent. The pit boss dis *76 covered that the roof of the mine was unsafe, and it was the duty of the road men to put it in proper and safe condition, and two of them undertook to do so, and while so doing one of them was injured by the negligence of the other. The road men were not performing the duties of the pit boss or superintendent, but on the contrary were performing their own duties, and were clearly fellow servants, and of course one could not recover against the company for an injury caused by the negligence of his fellow7 servant.
There are many cases in which it has been held that duties of officers and agents cannot be delegated so as to relieve the principal from liability, and among them are the following: Fones v. Phillips, 39 Ark., 17; Pullman Palace Car Co. v. Laack, 143 Ill., 242, 32 N. E. Rep., 285; Capper v. Railway Co., 21 Am. & Eng. R. Cas., 525, 103 Ind., 305, 2 N. E. Rep. 719; Lindvall v. Woods, 39 Am. & Eng. R. Cas., 339, 41 Minn., 212, 4 L. R. A. 793, 42 N. W. Rep. 1020; Flike v. Railway Co., 53 N. Y., 549, 5 Am. Ry. Rep. 392; Wooden v. Railway Co., 43 N. Y. S. R. 218, 16 N. Y. Supp., 840; Fuller v. Jewett, 1 Am. & Eng. R. Cas., 109, 80 N. Y., 46; Knahtla v. Railway Co., 21 Oreg., 136, 27 Pac. Rep., 91; Brabbits v. Railway Co., 38 Wis., 289; Pike v. Railway Co., 41 Fed. Rep., 95; Stockmeyer v. Reed, 55 Fed. Rep., 259; Madden v. Railway Co., 28 W. Va., 610, 57 Am. Rep., 695; Lewis v. Railway Co., 59 Mo., 495; Railway Co. v. Naylon, 17 Colo., 501, 30 Pac. Rep., 249; Elledge v. Railway Co., 100 Cal., 282, 34 Pac. Rep., 720; Justice v. Pennsylvania Co., 53 Am. & Eng. R. Cas., 604, 130 Ind., 321, 30 N. E. Rep., 303; Loughlin v. State, 105 N. Y., 159, 11 N. E. Rep., 371; Indiana Car Co. v. Parker, 100 Ind., 181; Hannibal & St. J. R. Co. v. Fox, 15 Am. & Eng. R. Cas., 325; 31 Kan., 586, 3 Pac. Rep., 320; Railroad Co. v. McKee, 37 Kan., 592, 15 *77 Pac. Rep., 484; Daves v. Southern Pac. Co., 98 Cal., 19, 32 Pac. Rep., 708; Pennsylvania Co. v. Whitcomb, 31 Am. & Eng. R. Cas., 119, 111 Ind., 212, 12 N. E. Rep., 380; Fisher v. Railway Co., 53 Am. & Eng. R. Cas., 539, 22 Oreg., 533, 16 L. R. A., 519, 30 Pac. Rep., 425; Brown v. Railway Co., 31 Minn., 553,18 N. W. Rep., 834; Railway Co. v. Smith, 59 Ala., 245; Miller v. Railroad Co., 48 Am. & Eng. R. Cas., 294, 20 Oreg., 285, 26 Pac. Rep., 70; Moon v. Railway Co., 17 Am. & Eng. R. Cas., 531, 78 Va., 745; Railroad Co. v. McKenzie, 24 Am. & Eng. R. Cas., 395, 81 Va., 71.
Plaintiff in error urges that it was entitled to a peremptory instruction for a verdict in its favor in view of the admission on the trial:
“That at and before the date of the injury to said Smith, defendant had in its employ, at all times, a sufficient number of careful and competent persons whose duty it was to look after the safety of all entries in its mine, including the entry in which plaintiff was injured,” and in view of the further fact, as it claims, that there was no statement of any evidence tending to prove knowledge_of the defect on the part of the superintendent or mine boss, nor that the defect was open obvious, apparent and dangerous, or of common knowledge among the employes in the mine, and no other or further evidence concerning it than that of Edward Gordon, who says that he did not consider the matter of sufficient importance to call the attention of the mine boss to it.
A sufficient answer to this claim may be' found in the fact that the record fails to show that any such instruction was asked by the plaintiff in error, or refused by the court. . Again assuming that the above admission concedes that the mine boss and the track layer, Edward Gordon, who had the duty enjoined up *78 on him, in addition to his duty as track layer, to inspect and keep in repair the entry in question, were careful and competent persons whose duty it was to look after the safety of said entry, yet it may be that they were negligent in the performance of their said duty of looking after the safety of said entry. The evidence tended to prove that the mine boss was not observed by anyone testing the roof of that entry for three months before the accident. It urged that there is no evidence tending to prove that he knew the unsafe condition of the entry, but his want of inspection for three months while blasts of powder in the adjoining room were of frequent, if not daily occurrence, tended to show that he ought to have known its unsafe condition. “Masters are charged with notice, not only of what they know, but also of what they ought to know, that is, of every fact which they would have known had they used ordinary care and diligence in performing their duties.” Sherman and Redfield on Negligence, Section 206.
Again the evidence tended to show that this Ed-ward Gordon while assisting the mine boss in the performance of his duty of looking after the safety of the roof of this entry, discovered that it was unsafe, but he did not report it to the boss because he did not consider it very dangerous, and did not think it worth while to tell him. This knowledge so obtained by Edward Gordon while performing the duties of the mine boss is the same as if the knowledge had been obtained by the boss himself and binds the company. There was therefore sufficient testimony of knowledge of the unsafe condition of the roof of the entry, and of negligence in not repairing it, to submit to the jury, and the company was not entitled to a direction for the jury to bring in a verdict in its favor.
*79 Robert Pope was a boss driver, and tbe mine boss, Thomas Stiff, enjoined upon him in addition to bis duty as such driver, tbe duty of inspecting and keeping in repair tbe entry in question, thus performing one of tbe duties of said mine boss. Tbe defendant company offered Mr. Pope as a witness in its behalf, and tbe following question was asked and answer given:
Q. “What, if any, knowledge at tbe time did yon have that tbe slate in tbe roof of tbe entry at tbe point where plaintiff was injured ivas loose, defective or liable to fall?”
A. “I bad no knowledge whatever.”
On cross-examination be was asked tbe following question by counsel for plaintiff below:
Q. “When, if at any time, while you were working under Thomas Stiff as mine boss, did you inspect, by the use of ordinary means used for that purpose* tbe entry at tbe point where plaintiff was injured, or elsewhere in said entry?”
Objection being made to this question by counsel for tbe company, tbe objection was sustained and an exception taken. Tbe circuit court held this ruling to be error. Wbile we do not regard this as of much importance, we think that tbe bolding of tbe circuit court was right. Tbe answer would tend to show whether or not Mr. Pope bad used sufficient diligence in tbe performance of tbe duties of tbe mine boss.
Tbe court charged tbe jury as follows:
“I instruct you that tbe plaintiff in bis work bad tbe right to assume that tbe roof where tbe slate is alleged to have fallen was in a reasonably safe condition. If the plaintiff, acting upon this assumption, used a greater quantity of powder in shooting tbe coal than a reasonably prudent miner under the same conditions and circumstances would have used and *80 said charge or shot produced a concussion that in the slightest degree contributed to produce the alleged fall of slate, he cannot recover in this case, because such act would constitute negligence upon his part.” The circuit court held this part of the charge erroneous, by reason of the words “in the slightest degree.” This holding of the circuit court was in accordance with the holding of this court in Schweinfurth v. Railway Co., 60 Ohio St., 215, and was right.
The fourth special charge requested by the plaintiff below and refused by the court, and which refusal the circuit court held to be error, is as follows:
“If you find from the evidence that the roof of the entry at the place mentioned had become out of repair and dangerous, and that its condition was known to the defendant, or that the same could have been known to said defendant, its servants and agents who had charge and control of said entry, in time to have prevented said injury complained of, by the exercise of reasonable care, prudence and caution, and if you should further find that the condition'of said roof was unknown to plaintiff and that he had not equal means with the defendant of knowing of the unsafe and dangerous condition of said roof, and you should further find that while he, the plaintiff, was passing through and along said entry a piece of slate which had become loose fell upon and injured him, then your verdict must be for the plaintiff.”
This request is too broad, as it allows the plaintiff below to recover even though he was at fault himself. The limitation that if he was without fault on Ms part should have been incorporated into the request- to make it sound law. True this limitation is found in the general charge, but that cannot have the legal effect of making this request sound, so as to constitute its refusal reversible error. To make the *81 refusal of a request to charge reversible error, the request must be sound law throughout and lacking no required limitation
Again the general charge fully and carefully covers the phase of the case included in this request, and incorporates the limitation as to the plaintiff being without fault, and the proposition having been correctly given in the general charge, there was no error in refusing a special charge on the same subject, even if correct.
Knowledge of the unsafe condition of the roof of. the entry on part of the servants and agents who had charge and control of the entry, would be notice to the company, whether such servants and agents were or were not the superiors of the plaintiff and in authority over him in other matters. In that regard the request was not defective, but for the reasons above given the reversal founded upon the refusal of the request is not approved by this court. The second request of plaintiff should have been given without modification, because notice to the servants and agents who had control of the entry, and cared for and inspected it, was notice to the mine boss and company, and whether they were “superior to plaintiff and in authority over him” or not in other matters, could make no difference.
The court charged the eighth special request of the defendant below as follows:
“If you find from the evidence that plaintiff, at the time of and before his injury knew that the roof of said entry was unsafe, or had the means and opportunity to ascertain its defective condition, and did not' avail himself of such opportunity, or use the means at hand, then he was guilty of such negligence as will prevent his recovering in this action for any injury *82 he may have received, and your verdict must be for the defendant.”
The circuit court held this to be error, and we concur in that holding. If the plaintiff below knew the roof of the entry to be unsafe, and entered notwithstanding such knowledge,, he was negligent and ought not to recover; but as it was the duty of the mine boss to furnish a reasonably safe entry, and to keep it in a reasonably safe condition, the miners could •rely upon that duty being performed, and were not required to test and inspect the roof of the entry themselves, and were not charged with knowledge of its unsafe condition, further than the knowledge they would ordinarily obtain in the proper discharge of the work they were employed to perform. The law is stated thus by Sherman and Redfield on Negligence, Section 217: “A servant is chargeable with actual notice of every fact which he would have known had he exercised ordinary care to keep himself informed as to matters concerning which it was his duty to inquire.”
A miner is required by Section 6871, Revised Statutes, to prop the room in which he works and keep it in a safe condition, and therefore he must use the means at hand to ascertain its safety before entering, hut no such duty is enjoined upon him as to an entry. The court also erred in giving the seventh special charge asked by defendant in so far as regards the means and opportunity of plaintiff to ascertain the condition of the roof of the entry.
Special charge number ten given at -request of defendant below is as follows:
“That if yon find from the evidence that the fall of slate upon plaintiff was caused by the jar or concussion from the shot fired by plaintiff in an adjacent room, and that such slate fall did not extend into the *83 middle of the entry, where drivers, miners and other employes walked while going to- and from their work,' then your verdict must be for the defendant for the reason that the plaintiff was not injured at a point or place, where defendant had any reason to expect that any of its employes would pass.”
The giving of this charge the circuit court held to be error, and we think rightly It was the duty of the company to keep the roof of the whole entry in a reasonably safe condition. Miners passing in and out would often meet cars and would be compelled to turn aside, and they had a right to be protected while doing so. On the occasion of the injury in question there was a car on the track which compelled plaintiff below to take to the side of the entry, and while so doing he had a right to be reasonably protected, and the company should have anticipated such occurrences.
The 17th special charge is in substance the same as the tenth, and is open to the same objection.
The twelfth special charge on behalf of defendant below is as follows:
“If you find from the evidence that the fall of slate which injured plaintiff was simultaneous with the explosion of the shot by him fired in an adjacent room, or very shortly thereafter, it is your duty to inquire whether the said slate would have fallen at said time but for the concussion of said shot, and if you find that the said shot was excessively large, then your verdict must be for the defendant.”
The circuit court properly held the giving of this to be error. Under this charge the jury might find that the slate would have fallen at the time it did without the concussion of the shot, and yet if they should find that the shot was excessively large, even *84 though it did not' cause the .slate to fall, they must bring in a verdict for the defendant.
If the shot was excessive, and not such as was ordinarily used, and caused the slate to fall, the roof being in a reasonably safe condition, the plaintiff caused his own injury and should not recover. And' if the shot was not excessive, and was such as is ordinarily used, and still caused the slate to fall, the roof being in a reasonably safe condition, the falling of the slate was what is known as an inevitable accident for which there could be no recovery, and a charge along those lin’es would be proper, but the special charge as given was error.
Special charge number 2a given at the request of defendant below is as follows:
“If you find from the evidence that there was a fall of slate in front of the room which Smith worked some time prior to the date of alleged injury which was cleaned up by defendant’s employes who were competent for the purpose, and who, at said time, put the roof of said entry at said point in such condition that they considered it reasonably safe, then plaintiff cannot recover in this action, even though you should find that said work was not properly done, or said roof made reasonably safe, and the defendant could not in the exercise of ordinary care have known that it was improperly done.”
The circuit court held this to be error, in which holding we concur. The fall of slate in front of Smith’s room was some four months before the accident, and not at the place in the entry where the slate fell upon Mr. Smith, and what was done at that place could not rule the law as to the place in the entry where Smith was injured. •
It seems that the circuit court was of opinion that Edward Gordon and Robert Pope upon whom was en *85 joined the duty of performing the duties of the mine boss as to looking after the safety of the roof of said entry, in addition to their other duties, were, while so performing the duties of the mine boss, the fellow servants of plaintiff below and the other miners, and therefore held several charges good which were clearly erroneous, among them being special charge la which was, in effect, that knowledge on the part of Gordon of the defect in the roof of the entry, could not charge the defendant with notice of such defective condition, either actual or constructive.
Upon a retrial of the case, the charge, and especially that part covered by the request of defendant, should be recast so as to conforta as near as may be to this opinion
The judgment of the circuit court is

Affirmed.

Minshall, C. J., and Williams and Speak, JJ., concurred.
Davis and Shauck, JJ., dissented.