JULIA COTE, Pro Ami, *vs.* JAY MANUFACTURING COMPANY.

Androscoggin. Opinion October 10, 1916.

*Fellow-servant doctrine. Interpretation of Public Laws of Maine, 1909, Chapter 256, section 2 as bearing on the question of negligence. Liability where one performs work or labor outside of regular scope of duties and is injured thereby. Proof necessary under allegation that "servant was incompetent." What is meant by "incompetence."*

The plaintiff, a girl fourteen years of age, was injured while in the defendant's employ. She was working at the rear end of a machine used for the manufacture of skewer sticks. Her contention is that the machine clogged, that one La Pointe, who operated and controlled the machine, stopped it; that she was clearing out the knives attached to the central set of cylinders when La Pointe, without giving her any warning, started the machine, and her hand was caught and severed at the wrist. Upon defendant's motion to set aside a verdict rendered in favor of the plaintiff, it is

*Held;*

1. It was no part of the plaintiff's duty to remove the clog. That was a part of the operation of the machine, and was the sole duty of the operator.

2. The plaintiff was performing an uncalled for and inexcusable act, one entirely disconnected from the service for which she was employed and which she was accustomed to perform.

3. Even assuming the plaintiff's contention as to the facts to be true, the fellow servant rule precludes recovery unless the defendant could be proven guilty of negligence either in employing La Pointe or in retaining him in its employ.

4. In order to maintain this proposition, the plaintiff must prove first, that La Pointe was in fact incompetent, and second, that the defendant knew that fact or, by the exercise of reasonable diligence, should have known it.

5. Although the original employment of La Pointe when only thirteen years of age was in contravention of Pub. Laws, 1909, chapter 257, section 2, yet it did not create any evidence of negligence here, because at the time of the accident he had attained the legal age, and the question of competency must relate to the time of the injury and not to the time when the employe first assumed his duties.

6. Incompetence in the law of negligence means want of ability suitable to the task, either as regards natural qualities or experience, or deficiency of disposition to use one's natural abilities and experience properly.

7. That even if La Pointe had been in some way negligent at the time of the injury, his incompetency cannot be established by that single act. It is admissible evidence, but not of itself sufficient.

8. Upon the question of actual incompetence, the evidence is negligible, and the verdict was manifestly wrong.

Action on the case to recover damages for personal injuries received by plaintiff while in the employ of the defendant company. Verdict for plaintiff. Defendant filed motion for new trial and exceptions to certain rulings of presiding Justice. Motion sustained. Verdict set aside.

Case stated in opinion.

*McGillicuddy & Morey,* for plaintiff.

*Newell & Woodside,* for defendant.

SITTING: CORNISH, KING, BIRD, HALEY, PHILBROOK, MADIGAN, JJ.

CORNISH, J. The plaintiff, a girl fourteen years of age, was injured on November 21, 1914, while in the defendant's employ. She was working at the rear end of a machine called a planer, used in the manufacture of skewer sticks. This machine was equipped with two cylinders at the front, turning inward and carrying the stock, in shape like a lath, into the machine, with two cylinders near the center supplied with rapidly revolving knives, which cut and planed the stock, and with two cylinders at the rear, turning outward and delivering the finished sticks, in shape like a lead

pencil, at the sorting table. The knive-cylinders were covered by a removable box.

One Louis LaPointe, a boy then fifteen years old, worked at the front of the machine. He operated and had charge of it. He started and stopped it by means of a rope connected with a shipper on the floor below, and he fed in the stock. In case of clogging in the knive cylinders he removed the box and remedied the trouble with the aid of a stick, sometimes when the machine was in operation, and sometimes after he had stopped it.

About two feet from the rear and a little at one side was a table upon which the sticks which came from the machine were sorted. The plaintiff worked at this rear end, taking the sticks as they fell from the last cylinders, sorting them upon this table and placing them in different compartments. This was her job. She had nothing whatever to do with the operation or control of the machine. Her duty was solely with the harmless product.

The first important question is, what was the cause of the accident. The plaintiff claims that the machine clogged, that LaPointe stopped it, that she in the discharge of her duties was cleaning out the knives with a stick, that LaPointe, without giving her any warning, started the machine and her hand was caught. The fellow servant rule would preclude recovery, even if this state of facts existed, unless the defendant could be proven guilty of negligence in employing LaPointe or retaining him in its employ, and it is upon this theory of negligence in retaining an incompetent servant that the plaintiff rests her case.

The defendant, on the other hand, contends that when the machine clogged on the day in question, LaPointe removed the cover and endeavored to free the clog while the machine was in motion; that failing in this he bent down and pulled the rope to throw off the speed; that after the belt was unshipped the knives continued to revolve for a time; that the plaintiff placed her hand among the knives before they came to a full stop, and while he was bending down; that it was no part of her duty to free this clog and her act in attempting to do so was purely voluntary and inexcusable.

Upon this issue of the cause of the accident the jury must have found in favor of the plaintiff. But the finding cannot be sustained. No one saw the occurrence except these two actors. So far as oral

testimony is concerned we have that of the interested plaintiff on one side and of LaPointe on the other. But the situation itself speaks. The rope which threw the speed on or off was pulled but once. The machine had been in operation, therefore the movement stopped it. Moreover it was found at rest when the superintendent came and extricated the plaintiff from the cylinders. If the plaintiff's statement is true that LaPointe stopped and then started the machine, it would have been in motion when the plaintiff was removed from her perilous position. But it was still. This fact settles the controversy between the plaintiff and LaPointe and proves the truth of the latter's version of the accident.

The evidence is also overwhelming that it was no part of the plaintiff's duty to remove the clog. That was a part of the operation of the machine and was the sole duty of the operator. LaPointe was the operator. The plaintiff herself admits it. The removal of any obstruction devolved upon him. She was employed simply to sort the sticks. The superintendent and LaPointe both so testify, and another girl, who had sorted upon this machine for two years, about half the time with LaPointe as operator, corroborates both. This testimony is entirely consonant with the probabilities. The plantiff says that during her two weeks' work she had frequently cleaned the knives when the machine had been stopped. LaPointe says she had attempted it but once and then he had forbidden her doing it again. On this first and important point, in view of all the facts, we see no escape from the conclusion that the plaintiff was performing an uncalled for and inexcusable act, one entirely disconnected from the service for which she had been employed and which she was accustomed to perform.

We might well stop here and ignore the second necessary point in the plaintiff's chain of proof, the alleged negligence of the defendant in retaining an incompetent servant. If the accident was in no way due to the negligence of LaPointe, it is entirely immaterial whether he was competent or incompetent. That question, strictly speaking, is beside the issue.

But as it is argued by the learned counsel on both sides we will consider it briefly, assuming for this purpose the truth of the plaintiff's version, and that some negligent act on her fellow servant's part was the cause of her injuries. This proposition involves two

elements; first, that LaPointe was in fact incompetent, and second, that the master knew that fact or by the use of reasonable diligence should have known it. *Robbins* v. *Street Railway,* 107 Maine, 42.

Upon the question of actual incompetence the evidence is negligible. True when LaPointe was first employed by the defendant on this machine he was only thirteen years of age and his employment was in direct violation of P. L. 1909, ch. 257, sec. 2, which prohibits the employment of children under fourteen years of age in manufacturing and mechanical establishments. Had this accident happened before LaPointe reached the age of fourteen, the fact of illegal employment would have been competent though not conclusive evidence on the question of defendant's negligence resulting from a failure of duty on his part. *Jones* v. *Coöperative Association,* 109 Maine, 448. So, too, the plaintiff was employed when under fourteen in contravention of the same statute and had she, before reaching the age of fourteen, received injuries whose proximate cause was the violation of the statutory duty of the employer, then the effect of that statute upon the measure of the defendant's liability would have arisen. *Berdos* v. *Tremont Mills,* 209 Mass., 489. But this statute is not involved here because both the plaintiff and LaPointe had passed their fourteenth birthday when the accident happened, the plaintiff by nine days and LaPointe by more than a year. The question of competency must relate to the time of the injury and not to the time when the employe first assumed his duties. *Chicago &c. R. R. Co.* v. *Sullivan,* 63 Ill., 293; *Harvey* v. *R. R. Co.,* 88 N. Y., 481.

Again, even if LaPointe had been in some way negligent at the time of the injury, his incompetency cannot be established by that single act. It requires more than that. "Incompetence in the law of negligence means, want of ability suitable to the task, either as regards natural qualities or experience, or deficiency of disposition to use one's natural abilities and experience properly." This definition has been approved by this court in *Robbins* v. *Street Railway,* supra, where many acts of dereliction in the past had been brought to the knowledge of the employer. The evidence here is void of any facts showing such incompetence. LaPointe, from his testimony, seems to have been an intelligent boy of fifteen. The machine was very simple, both in construction and operation. It

required no high degree of skill. Nor was he inexperienced. He had operated this same machine continuously for ten months or a year, and was perfectly familiar with it. There is no proof that he had been inattentive or careless at any time in the past, or that any accident had happened before. There is nothing to indicate that he did not thoroughly understand the working of the machine and was not perfectly competent to run it. The learned counsel for the plaintiff criticises LaPointe's conduct in attempting to clear the machine when in motion, but LaPointe contends that this is a proper method, and the superintendent approves of it. It is not for the court to say, in view of the uncontradicted evidence, that removing a clog with a stick instead of shutting down the machine each time was in and of itself a negligent act. There is no evidence that LaPointe had ever disobeyed any rules or failed to carry on his work in a workmanlike manner. In fact, his record is clean. The evidence of incompetence is insufficient to support a verdict. *Mishou* v. *M. C. R. R. Co.*, 106 Maine, 150. *McCafferty v. M. C. R. R. Co.*, 106 Maine, 284-293.

It is unnecessary to consider the second element involved in this branch of negligence, that is, the knowledge of the servant's incompetence on the part of the employer. There is absolutely nothing to show that the defendant knew or should have known that LaPointe was incompetent, even if in fact he had been. The second element, like the first, lacks proof.

Further discussion is needless. The accident was deplorable, and the injury to the plaintiff most serious. It is natural that the jury should have been actuated by sympathy. But a careful study and analysis of the evidence in the light of all the circumstances fails to attach a legal liability to the defendant.

The entry must therefore be,

*Motion sustained.*
*Verdict set aside.*